Donald R. **STACY** et al., Plaintiffs-Appellants,

v.

John D. **WILLIAMS** et al., Defendants-Appellees.

Danny E. **CUPIT** et al., Plaintiffs-Appellants,

and

Laurance R. Mitlin et al., Intervenors-Appellants,

v.

M. M. **ROBERTS** et al., Defendants-Appellees.

No. 29997.

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1971.

Douglas C. Wynn, J. Wesley Watkins, III, Eugene M. Bogen, Greenville, Miss., for plaintiffs-appellants.

A. F. Summer, Atty. Gen. of Miss., James E. Rankin, Sp. Asst. Atty. Gen., Jackson, Miss., M. M. Roberts, Special Counsel, Hattiesburg, Miss., William A. Allain, Asst. Atty. Gen. of Miss., Jackson, Miss., for defendants-appellees.

Before RIVES, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

This is an appendage to what Chief Judge Brown aptly referred as "the ever-expanding volume of Mississippi speaker ban litigation which culminated in Stacy·v. Williams, 1969, N.D. Miss., 306 F.2d Supp. 963." (Footnotes omitted.) Molpus v. Fortune, 5 Cir. 1970, 432 F.2d 916, 917. See also, Stacy v. Williams, 1970, 312 F.Supp. 742.

The final judgment in Stacy v. Williams 1, reported in 306 F.Supp. 963, was entered on December 1, 1969 and provided "that all costs [of the suit should] be taxed against defendants." There is, and can be, no contention that the word "costs," so used, included plaintiffs' attorneys' fees. See Fleischmann Distilling Corp. v. Maier Brewing Co., 1967, 386 U.S. 714, 720, 87 S.Ct. 1404, 18 L.Ed. 2d 475. On December 9, 1969 plaintiffs filed with the District Court Clerk a bill of costs, in which they made no reference to attorneys' fees. Two months later, on February 11, 1970, plaintiffs filed a motion for leave to amend bill of costs and for allowance of reasonable attorneys' fees, claiming that the defendants acted in bad faith in the protracted, dila-

tory litigation. See Bell v. School Board of Powhatan County, Virginia, 4 Cir. 1963 en banc, 321 F.2d 494, 500. The District Court denied the plaintiff's motion because of its late filing, saying:

"Rule 59(e) of F.R.Civ.P.[3] requires

"3. (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

that any motion to alter or amend judgment must be filed not later than 10 days after entry of judgment. That rule is particularly applicable to a motion to alter a judgment to allow attorneys' fees which were neither asked for before judgment nor mentioned in the judgment. We are not concerned here with correcting a mere clerical mistake in the terms of the judgment, but with the granting of new substantive relief, and the motion, therefore, must comply with Rule 59 (e). Gilroy v. Erie-Lackawanna R. Co., D.C., 44 F.R.D. 3 [,4]."

Stacy v. Williams, N.D. Miss.1970, 50 F.R.D. 52, 54. Compare Glick v. White Motor Co., E.D. Pa.1970, 317 F.Supp. 42, 44, 45.

Nonetheless, the District Court proceeded to consider on its merits the question of whether the defense in the case was maintained in bad faith, vexatiously, wantonly, or for oppressive reasons, and answered that question in the negative. See 50 F.R.D. 55. Without reviewing that question, we hold that the District Court was clearly correct in denying the motion of the plaintiffs because it was served later than 10 days after entry of judgment. As noted by the Second Circuit in Spurgeon v. Delta Steamship Lines, Inc., 1967, 387 F.2d 358, 359, "Rule 6(b) states that this time limitation cannot be enlarged."

The judgment is

Affirmed.