**NORTHERN PLAINS RESOURCE COUNCIL, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent,**

**The Montana Power Company, the Washington Water Power Company, Puget Sound Power and Light Company, Portland General Electric Company, and Pacific Power and Light Company, Intervenors.**

No. 79–7618.

United States Court of Appeals, Ninth Circuit.

March 1, 1982.

Before TANG, SCHROEDER and NELSON, Circuit Judges.

## ORDER

■ In *Northern Plains Resource Council v. EPA*, 645 F.2d 1349 (9th Cir. 1981), we affirmed the decision of the EPA. Subsequent to our decision, Northern Plains Resource Council (NPRC) filed for an award of attorney's fees pursuant to the Clean Air Act, § 307(f), 42 U.S.C. § 7607(f) (§ 307(f)). EPA opposes this request, primarily arguing that under the circumstances of this case an award of attorney's fees would be inappropriate.[1]

1. EPA also argues that NPRC's motion is defective because it was filed 55 days after judgment and because it does not specify the amount of fees sought. The costs of litigation covered by § 307(f) are not the same costs this court is authorized to award under Fed.R.App.Pro. 39. Therefore, Rule 39's 14-day time limit for filing costs bills does not apply to motions for attorney's fees filed pursuant to § 307(f). Because prior to October 1, 1981, there was no prescribed time limit for filing a motion for attorney's fees, NPRC's motion was not untimely. *Cf.* Local Rule 14(g) (effective October 1, 1981, requests for attorney's fees must be filed within 30 days of entry of judgment); *cf. also* Local Rule 13(b)(1)(E) (effective October 1, 1981, party must indicate in brief if attorney's fees will be sought).

We also refuse to reject NPRC's motion on the ground that it does not specify the amount of attorney's fees requested. Although the amount of attorney's fees requested should generally be included in a motion for attorney's

## DISCUSSION

■ Section 307(f) provides that "in any judicial proceeding under this section, the court may award costs of litigation (including reasonable attorney's and expert witness's fees) whenever it determines that such an award is appropriate." As EPA recognizes, Congress, by adopting this section of the Clean Air Act, did not intend to limit the award of attorney's fees to the "prevailing party."[2] Instead, Congress sought to facilitate challenges of EPA decisions in order to insure that EPA fulfilled its designated function of preserving air quality. *See Metropolitan Washington Coalition for Clean Air v. District of Columbia*, 639 F.2d 802, 804 (D.C.Cir.1981). We agree with the D.C. Circuit that in determining whether a party—prevailing or nonprevailing—can recover attorney's fees under § 307(f) from the Government, the test is "whether in light of what was known . . . when the action was instituted, the action was of the type Congress sought to encourage when it authorized awards of attorneys' fees." *Id.*

■ Applying this test in the instant case, we believe NPRC is entitled to an award of attorney's fees. Contrary to EPA's argument, at least two of the issues presented in this case had not been decided by this court prior to the institution of this suit.[3] Moreover, the interest of certain NPRC members in preserving the value of

fees, failure to specify the amount requested does not require denial of the motion.

2. *See* H.R.Rep.No.294, 95th Cong., 1st Sess. 337 *reprinted in* [1977] U.S.Code Cong. & Adm. News 1077, at 1416 ("The committee did not intend that the court's discretion to award fees under [§ 307(f)] should be restricted to cases in which the party seeking fees was the 'prevailing party' ").

3. As we indicated in our opinion, the precise issue presented in this case relating to "commenced construction" had not been considered by this court in *Montana Power Co. v. EPA*, 608 F.2d 334 (9th Cir. 1979). *Northern Plains*, 645 F.2d at 1357 n.24. Nor had this court decided the issue of the applicability of new source performance standards prior to institution of this suit. The fact that other courts considered this issue prior to the release of our decision in no way affects NPRC's entitlement to attorney's fees. *See Metropolitan Washington*, 639 F.2d at 804.

their property which might have been decreased if the power plants were built would not have been sufficient incentive to encourage the expenditures required by a suit of this type.

Because NPRC brought this suit to promote the quality of air resources, and because the suit presented issues important to the construction of the Clean Air Act, this is precisely the type of suit Congress sought to encourage by enacting § 307(f). An award of attorney's fees to NPRC is therefore appropriate under that section.[4]

CONCLUSION

NPRC is entitled to attorney's fees under § 307(f). It will have 14 days from the entry of this order to file a motion specifying the amount of fees sought with supporting documents justifying the request. EPA will have 14 days from the date NPRC files its motion to file an opposition to NPRC's motion.

---

4. EPA argues that if NPRC is awarded attorney's fees, it is entitled to contribution from intervenor Montana Power Company. However, there is no indication that Congress sought to require a prevailing intervening party to indemnify the party challenging an EPA decision. Instead, § 307(f) simply evinces a willingness on the part of Congress to have the Government bear the cost of litigation brought to promote air quality.