Ida **NELSON**, Pearlie G. Faulkner and William Nelson, Plaintiffs-Appellants,

v.

Isaac **JAMES**, Defendant-Appellee.

No. 82–4115.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1984.

Dorizas & Grantham, Angelo J. Dorizas, Jackson, Miss., for plaintiffs-appellants.

Sumners, Hickman & Rayburn, S.T. Rayburn, Will A. Hickman, Oxford, Miss., for defendant-appellee.

**208**

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

The principle involved rather than the principal in dispute occasions this opinion. A successful appellant filed a timely bill of costs and was allowed the full amount claimed. Thereafter we issued our mandate to the district court. The appellant's counsel then noticed that he had failed to include $30.00 in costs and filed an amended bill of costs. The appellee promptly rejoined that, having entered judgment and issued our mandate, we lack jurisdiction. While we do not lack the power to withdraw the mandate and then to issue a new judgment and mandate, we have better judgment than to do so in this case for the appellant's counsel has shown no good reason why we should.

█ The time limit for assessment of costs prior to issuance of the mandate is not jurisdictional. *United States v. Kolesar,* 313 F.2d 835, 836 n. 1 (5th Cir.1963). And a court of appeal has inherent power to recall its mandate.[1] However, our Local Rules provide that we shall not recall a mandate "except to prevent injustice." Local Rule 41.2, Fifth Circuit Court of Appeals. This codifies the prevailing jurisprudence.[2]

█ When counsel files a cost bill out of time, but before the mandate is issued, a question similar to the one here invoked is raised. Fed.R.App.P. 39(d) requires a party who desires taxation of costs to "state them in an itemized and verified bill of costs, which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment." A court of appeals is empowered "for good cause shown" to enlarge the time limits prescribed by the Federal Rules of Appellate Procedure. Fed.R. App. p. 26(b). But "inattendance to office chores and good faith mistakes are not sufficient · to show good cause." *Mollura v. Miller,* 621 F.2d 334, 335–36 (9th Cir.), *cert. denied,* 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980); *Accord Denofre v. Transportation Insurance Rating Bureau,* 560 F.2d 859, 860 (7th Cir.1977); *Laffey v. Northwest Airlines, Inc.,* 587 F.2d 1223, 1224 (D.C.Cir.), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792; *Stern v. U.S. Gypsum, Inc.,* 560 F.2d 865, 866 (7th Cir.), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977).

█ Such inadvertence or error provides even less reason to recall a mandate in order to assess additional costs. The sole reason advanced by appellants' counsel for his incorrect bill is that the costs were misstated as a result of "typographical error." The error may have been clerical (counsel says he paid docket costs of $65.00 in each of two suits but included only $50.00 per suit in his bill of costs), but it was hardly typographical. No adequate excuse is given for making the error nor any good cause shown to recall our mandate. Absent sufficient reason to do so, we will not undo normal procedures to remedy counsel's inadvertence.

The motion is, therefore, DENIED.

---

1. *Ferrell v. Estelle,* 573 F.2d 867, 868 (5th Cir. 1978); *American Iron and Steel Institute v. Environmental Protection Agency,* 560 F.2d 589, 592–95 (3d Cir.1977), *cert. denied,* 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978); *Greater Boston Television Corp. v. Federal Communications Commission,* 463 F.2d 268, 279 (D.C.Cir.1971), *cert. denied sub nom. WHDH, Inc. v. Federal Communications Commission,* 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972); *Aerojet-General Corp. v. American Arbitration Association,* 478 F.2d 248, 253–54 (9th Cir.1973); *Powers v. Bethlehem Steel Corp.,* 483 F.2d 963, 964 (1st Cir.1973).

2. *Greater Boston Television Corp. v. Federal Communications Commission, supra; Dilley v. Alexander,* 627 F.2d 407, 410 (D.C.Cir.1980).