George T. KNOBLAUCH and Julia Knoblauch, Petitioner-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–4438

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 11, 1984.

George T. Knoblauch, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Martha Brissette, Tax Div., Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, Robert P. Ruwe, I.R.S., Washington, D.C., for respondent-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff George T. Knoblauch, a taxpayer, appeals pro se from a decision of the United States Tax Court holding that the Commissioner of Internal Revenue properly assessed against him deficiencies in income tax and additions to tax. Since we

find Knoblauch's contentions to be non-meritorious and frivolous, we affirm the decision of the Tax Court and award double costs to the Commissioner under Fed.R. App.P. 38. We also hold to be permissible an award of extraordinary damages for frivolous appeal under the cited rule, to be based upon the Commissioner's reasonable attorney's fees.

### I.

In 1982, the Commissioner issued a notice of deficiency to Knoblauch. The notice indicated that Knoblauch owed deficiencies and additions to tax for the tax years 1972 through 1976. The principal objections urged by Knoblauch in his timely petition for redetermination with the Tax Court were that the statute of limitations had expired for the years in question (an issue not raised on appeal) and that the Fifth Amendment protected him from having to furnish evidence to refute the deficiency determination unless he was first granted immunity from prosecution. Also, in response to the Commissioner's motion for summary judgment, the taxpayer filed a motion to stay the proceedings in the Tax Court pending resolution of a Petition for Redress of Grievances he submitted to Congress in 1981. The Tax Court denied this motion.

After hearing, the Commissioner's motion for summary judgment was granted. Based upon adequate factual showing, the Commission found (1) that Knoblauch failed to file income tax returns in 1973 and 1976, (2) that the "returns" he filed in 1972, 1974, 1975 were not valid and contained no information relating to the amount of his income or deductions for those years, and (3) that he had received taxable income for the years in question in the amounts set forth in the Commissioner's notice of deficiency. The Tax Court granted the Commissioner's motion for summary judgment. The Tax Court held Knoblauch liable for unpaid taxes and penalties totalling $34,254.70. Knoblauch appeals from this order.[1]

### II.

Knoblauch contends on appeal that the Commissioner's assessments of tax deficiencies and additions to tax are improper for three principal reasons. We shall consider each in turn.[2]

### A.

■ Knoblauch first argues that the Sixteenth Amendment was not constitutionally adopted and is thus a "nullity." He maintains that Ohio was not a state when it ratified the amendment, that William Howard Taft, being from Ohio, was thus not legally president at the time, and that all laws enacted during Taft's administration are therefore void. Every court that has considered this argument has rejected it, *see e.g., McKenney v. Blumenthal,* 43 A.F. T.R.2d 960, 961 (N.D.Ga.1979); *Selders v. Commissioner,* 41 A.F.T.R.2d 1088, 1089 (W.D.Tex.1978); *McMullen v. United States,* 39 A.F.T.R.2d 628, 630 (W.D.Tenn. 1977); *Baker v. Commissioner,* 37 M.T.C. (CCH) 307, 309 (1978), *aff'd without published opinion,* 639 F.2d 787 (9th Cir.1980), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981) ("We have been cited to no authorities which indicate that Ohio

1. Originally, the plaintiff's wife, Julia Knoblauch, also received a deficiency notice and filed a petition for redetermination. The Tax Court subsequently consolidated the two cases. In a Memorandum Sur Order entered on February 6, 1984, Special Judge Marvin Peterson recommended to the Tax Court that the plaintiff be ordered to pay deficiencies and additions to tax in the amount of $34,254.70 for the tax years of 1972 through 1976 and that his wife be ordered to pay deficiencies and additions to tax in the amount of $13,607.68 for the tax years of 1973 through 1976. In the only order of the Tax Court from which appeal is taken, the plaintiff's wife is not mentioned. We note, moreover, that only the plaintiff signed the notice of appeal and, since he is not an attorney, that notice is effective only for him. *Theriault v. Silber,* 579 F.2d 302, 302 n. 1 (5th Cir.1978). We therefore treat this matter solely as an appeal by the plaintiff, George T. Knoblauch.

2. On appeal, Knoblauch has abandoned his arguments based on the Fifth Amendment and the alleged expiration of the statute of limitations.

became a state later than March 1, 1803, ..."), and Knoblauch has not brought to our attention any reason why we should rule differently. We note, moreover, that the Supreme Court first held the Sixteenth Amendment constitutional nearly seventy years ago, *Brushaber v. Union Pacific Railroad Company*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), and "recognition of the validity of [that] amendment [has] continue[d] in an unbroken line." *Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984). For these reasons, Knoblauch's first argument, repeatedly rejected by the courts, is totally without merit.

### B.

■ Knoblauch next argues that the First and Fifth Amendments required the Tax Court either to stay its proceedings or to dismiss the Commissioner's motion for summary judgment pending Congressional resolution of his Petition for Redress of Grievances. At the same time, Knoblauch argues that the filing of his Petition for Redress and the "acceptance" of it by Congress deprived the Tax Court of jurisdiction to rule on the Commissioner's motion. The Tax Court concluded that the filing of the Petition for Redress was legally irrelevant to its proceedings. We agree.

Knoblauch cites no authorities that even remotely suggest the Tax Court was in error, and we have not discovered any on our own. No reason in logic or law, or the evidence in this case suggests why the Tax Court proceedings should have been stayed while the taxpayer exercised his constitutional right to petition Congress for the redress of his alleged grievances. The taxpayer's contention is baseless and frivolous.

### C.

■ Knoblauch's last argument is that he was entitled to have an Article III judge, rather than an Article I judge, decide his case. This argument is as frivolous as Knoblauch's other two arguments.

As we noted only last year, "[t]he argument that the Tax Court violates Article III has been repeatedly rejected." *Knighten v. Commissioner*, 705 F.2d 777, 778 (5th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).

### III.

■ We have been asked by the Commissioner to impose sanctions under Fed.R. App.Pro. 38 [3] against Knoblauch for filing this frivolous appeal. Earlier this year, we "sound[ed] a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal." *Parker, supra,* 724 F.2d at 472. We have thus recognized that, in addition to double costs, the Commissioner is entitled to damages under Fed.R.App.P. Rule 38 when an appeal is baseless, presents no colorable claim of error, and raises repeatedly rejected contentions. As we perceive it, in a case of this nature, the government's damages can be no more than (a) the loss of use of the amount of the deficiencies awarded (for which interest already allowable by law affords reasonable compensation) and (b) the Commissioner's reasonable attorney's fees (under which, as in private practice fees, attributable normal overhead expenses would be subsumed). The Commissioner is entitled to recover such reasonable attorney's fees as damages.

We recognize that in *Crain v. Commissioner,* 737 F.2d 1417 (5th Cir.1984), and *Hallowell v. Commissioner,* 744 F.2d 406 (5th Cir.1984), we made an ad hoc determination of an amount we thought sufficient to make the government whole in this regard. On reflection, however, we now think that when damages (in addition to double costs) are allowed on appeal on the basis of its frivolity under Fed.R.App.P. 38, these damages should be based upon some showing in the record (or upon remand) as

---

**3.** Fed.R.App.P. 38 provides: If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

to the amount of such damages. This court's local rules contain provisions for the award of attorney's fees when made by this court. We find that, in instances such as the present (where the damages recoverable under Rule 38 are only attorney's fees), the award if made on appeal should be determined in accordance with, and with the showings required by, our Local Rule 47.8.1 [4], as in other civil appeals where attorney's fees are awardable. If upon timely petition for rehearing, he requests this relief and furnishes the supporting documentation (or prays for a reasonable period in which to furnish same), we will grant as damages for this frivolous appeal the amount of the Commissioner's attorney's fees as found to be reasonable by us.

### IV.

For the reasons given above, we hereby affirm the ruling of the Tax Court against George T. Knoblauch, award double costs, and reserve to the Commissioner his right by timely petition to have this court fix his reasonable attorney's fees as damages for this frivolous appeal.

AFFIRMED.

---

**4.** Local Rule 47.8.1 reads, in pertinent part:

Petitions or motions for the award of attorney's fees should always be supported by contemporaneous time records recording all work for which a fee is claimed and reflecting the hours or fractional hours of work done and the specific professional level of services performed by each lawyer for whom compensation is sought. In the absence of such records, no time expended will be considered in the setting of the fee beyond the minimum amount necessary in the court's judgment for any lawyer to produce the work seen in court. Exception may be made only to avoid an unconscionable result.

The Clerk shall make reasonable efforts to advise counsel of the existence of this rule, but whether or not counsel has been advised, ignorance of this rule shall not, standing alone, be deemed grounds for an exception. If the reasonableness of the hours claimed on the basis of time records becomes an issue, the applicant shall voluntarily make his time records available for inspection by opposing counsel and, if a dispute is not resolved between them, by the Court.
*Rules of the United States Court of Appeals for the Fifth Circuit* 128–129 (1983).