George T. KNOBLAUCH and Julia Knoblauch, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–4438
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1985.

George T. Knoblauch, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Martha Brissette, Tax Div. Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, Robert P. Ruwe, I.R.S., Washington, D.C., for respondent-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

*On Motion For Costs and Damages Under Fed.R.App.P. 38.*

PER CURIAM:

In our decision on the merits of this appeal from a decision of the United States Tax Court, we determined Knoblauch's contentions to be frivolous. *Knoblauch v. Commissioner*, 749 F.2d 200, 201 (5th Cir. 1984). Accordingly, we applied Fed.R.App. 38 [1] and awarded the Commissioner double costs and damages. *Id.* at 202. We specifically defined the government's damages under Rule 38, "in a case of this nature," to consist of "the Commissioner's reasonable attorney's fees (under which, as in private practice, attributable normal overhead expenses would be subsumed)." *Id.*

The Commissioner has submitted a petition for damages (attorney's fees) and a bill of costs. Knoblauch does not challenge any particular item or the gross amount that the Commissioner has claimed as fees or costs. He does, however, oppose the petition for damages and the bill of costs on the ground (a) that they were not timely filed and (b) that the Commissioner's petition for leave to file out of time should be denied.

We conclude that the Commissioner's petition for damages and bill of costs, though filed out of time, will be considered by us because there is good cause to grant his motion for leave to file out of time. We also conclude that the Rule 38 damages in this appeal consist of the attorney's fees (inclusive of overhead) and costs in the amounts claimed by the Commissioner.

I.

Rule 38 provides no time limit for the filing of an itemization of damages or

---

1. Fed.R.App.P. 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

costs so awarded. The filing of a bill of *costs*, however, generally is governed by Fed.R.App.P. 39(d), and we believe that rule's provisions apply as to costs awarded under Rule 38. Rule 39(d) requires that bills of costs be filed "within 14 days after the entry of judgment." *See Nelson v. James*, 722 F.2d 207, 208 (5th Cir.1984) (applying fourteen-day limit as to bill of costs); C. Wright, A. Miller, E. Cooper & E. Gressman, 16 Federal Practice and Procedure § 3985 (1977 & 1984 Supp.).

Unlike costs, no rule specifically addresses the time limit for filing an itemization of *damages* (when they take the form of attorney's fees or any other form). Rule 38's text arguably indicates that damages are not included within costs, so Rule 39(d) does not apply. *Compare Stacy v. Williams*, 446 F.2d 1366, 1367 (5th Cir.1971) (costs awarded in district court do not include attorney's fees awarded for bad faith litigation), *with Knighton v. Watkins*, 616 F.2d 795, 797–98 (5th Cir.1980) (costs include attorney's fees awarded in district court, where statute authorizing fees (42 U.S.C. § 1988) defines them as part of costs).

Our opinion on the merits in this case, however, informed the Commissioner that he should request his Rule 38 damages (attorney's fees "in a case of this nature") by "timely petition for rehearing." *Cf. Stacy v. Williams*, 446 F.2d at 1367 (motion to alter or amend judgment is proper means for requesting district court to award attorney's fees as sanction for bad faith, vexatious litigation). Petitions for rehearing are governed by Fed.R.App.P.

40, which provides: "A petition for rehearing may be filed within 14 days after entry of judgment unless the time is shortened or enlarged by order or by local rule." [2]

Thus, the filing of bills of costs and itemizations of damages in the form of attorney's fees are governed by the identical fourteen-day time limit of Rules 39(d) and 40.

## II.

Our opinion in this case was entered in our docket on December 11, 1984 and mailed to all parties on that date with notice of this date as entry of judgment. Fed.R.App.P. 36. The fourteen-day period within which to file a petition or motion for costs and damages under Rule 38 thus required filing on or before December 25th. However, since the last day, December 25th (Christmas) was an excludable legal holiday, Fed.R.App.P. 26(a), the Commissioner's motion was required to be filed not later than on December 26th.

The Commissioner did not file, however, until January 7, 1985—twelve days late. Upon filing, he also filed a motion for leave to file out of time, explaining that the court's opinion was not received until December 31, 1984. The Commissioner also explained that "the petition for attorney's fees and attached bill of costs in this matter were prepared as promptly as reasonably possible after receipt of the opinion." [3]

■ We may extend the fourteen-day limit for filing of bills of costs under Rule 39(b) "for good cause shown." *Nelson v. James*, 722 F.2d 207, 208 (5th Cir.1984);

2. The District of Columbia Circuit and the Ninth Circuit have determined that motions for statutory appellate attorney's fees are not governed by Rule 39's fourteen-day limit for filing bills of costs or by any other limit imposed in the Federal Rules of Appellate Procedure. *Environmental Defense Fund, Inc. v. Environmental Protection Agency*, 672 F.2d 42 (D.C.Cir.1982); *Northern Plains Resource Council v. United States Environmental Protection Agency*, 670 F.2d 847, 848 n. 1 (9th Cir.1982), *vacated on other grounds*, — U.S. ——, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983). Based on our panel decision in this case and on *Stacy v. Williams*, 446 F.2d 1366 (5th Cir.1971), we will follow the petition

for rehearing rule stated in the text of this opinion when the Commissioner seeks damages for frivolous appeals.

3. The Commissioner actually requested costs and damages pursuant to Rule 38 in his brief. In the future, where possible, the Commissioner may wish to submit damages and costs itemizations along with his brief. In a frivolous appeal, the itemizations may be filed then because the Commissioner can expect that further briefing and oral argument will be unnecessary. *See* Local Rule 47.8.1 (itemizations should accompany motion).

*United States v. Kolesar*, 313 F.2d 835, 837 n. 1 (5th Cir.1963).

> To be sure, claims for costs should be submitted promptly after rendition of judgment on appeal; the 14-day limit subserves that policy, and should be scrupulously observed. Yet it is evident that the circumstances of particular situations may satisfactorily explain tardiness, and may call for an allowance of costs nonetheless. The court in its discretion may accommodate such a situation, for it is empowered for good cause shown to enlarge the period within which the bill of costs may be filed.

*Saunders v. Washington Metropolitan Transit Authority*, 505 F.2d 331, 334 (D.C. Cir.1974). *See* Fed.R.App.P. 26(b) (court generally may enlarge time limits in rules "for good cause shown").

For good cause, we also may extend Rule 40's fourteen-day limit for the filing of petitions for rehearing. Rule 40 itself adverts to our power to do so, and we have done so in the past to serve the interests of justice. *See United States v. Middlebrooks*, 624 F.2d 36, 37 (5th Cir.1980); Fed. R.App.P. 26(b) (court generally may enlarge time limits in rules "for good cause shown").

■ As a general rule, the Commissioner should apply for an extension of time, for good cause shown, before the filing period terminates. Here, however, the Commissioner did not, due to Christmas mailing delays, receive our opinion until December 31st, and he filed his petition, with itemized particulars, within 7 days. Our original opinion, for the first time, clarified that damages should be asserted by such itemization.

Under these circumstances, we conclude that the Commissioner has shown good cause and that his motion to file costs and damages under Rule 38 should be granted.

---

4. We have noted that, as to appellate fee awards, "[o]ur preferred procedure is to remand for the determination of the amount of such an award." *Marston v. Red River Levee & Drainage*

## III.

■ The Commissioner has submitted sworn declarations itemizing his costs and damages. Claimed costs amount to $92.80, and claimed damages (attorney compensation plus attributable overhead) amount to $1,374.13. Knoblauch has not contested these amounts or any part of the calculation made to arrive at them. *Cf. Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1238 (5th Cir.1984) (affirming calculation by district court of attorney's fee where, among other things, "the reasonable hourly rate was not challenged"). On our independent examination, we find the Commissioner's cost and fee requests to be reasonable and to be amply supported by his itemized submissions.

The Commissioner's submissions show twenty-four hours work by one attorney who, based upon her annual compensation, is paid $16.24 per hour. They also show seven and one-half hours work by a tax reviewer who, based on his annual compensation, is paid $29.19 per hour. They further show that office overhead amounts to $24.30 per employee hour. The Commissioner's sworn averments include that: "All time spent by attorneys on this case was expended in the normal course of official duties and was necessary for the proper representation of the Government. The hours listed were all contemporaneously recorded in the normal course of regular Government recordkeeping practices."

We find that the resulting fee request of $1,374.13 "is reasonable in light of the expertise and experience of [the Commissioner's] attorney, the time and labor involved and the results obtained." *Hedrick v. Hercules, Inc.*, 658 F.2d 1088, 1098 (5th Cir. 1981) (awarding $2,500 in appellate fees). *See* Local Rule 47.8.1 (requiring detailed itemization to support attorney's fee requests); *Seyler v. Seyler*, 678 F.2d 29, 31–32 (5th Cir.1982) (hourly fee determined by experience of attorney; allowable time determined by complexity of appeal).[4]

---

*District*, 632 F.2d 466, 468 (5th Cir.1980). However, appeals such as this one come to us directly from the United States Tax Court rather than

As for the Commissioner's figure of $92.80 for the cost of producing his appellate brief, we find that a reasonable cost supported by relevant itemization in the bill of costs.

## IV.

For the foregoing reasons, we grant the Commissioner's motion for leave to file out of time and award him costs of $92.80, doubled to $185.60, and damages (attorney's fees) of $1,374.13.

Motion GRANTED. Double costs and damages, totalling $1,559.73, AWARDED.

from the district court. Accordingly, we decide    the fee issue ourselves.