**APEX OIL COMPANY,**
**Plaintiff–Appellee,**

v.

**The BELCHER COMPANY OF NEW YORK, INC., and Belcher New Jersey, Inc., Defendants.**

**Appeal of SHEA & GOULD.**

**Docket No. 87–7932.**

United States Court of Appeals, Second Circuit.

Jan. 11, 1989.

Adam B. Gilbert, New York City (Karen S. Friedman, Shea & Gould, New York City, of counsel), for appellant.

Richard J. Wiener, New York City (Debra L. Brown, Cadwalader, Wickersham & Taft, New York City, of counsel), for plaintiff-appellee.

Before TIMBERS, WINTER and ALTIMARI, Circuit Judges.

PER CURIAM:

This motion for leave to file an untimely motion for costs arises from our decision in *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009 (2d Cir.1988). That decision involved some $17,500 in sanctions imposed on appellant Shea & Gould. We affirmed as to $7,171.25 of sanctions imposed under 28 U.S.C. § 1927, reversed as to $10,469.25 imposed under Fed.R.Civ.P. 37(c), and remanded for further findings as to the appropriate amount of sanctions for a violation of Fed.R.Civ.P. 26(g). Having prevailed as to some 59 percent of the monetary sanctions imposed on it, Shea & Gould moves for an award of costs as the "predominantly prevailing party". *Quaker Action Group v. Andrus*, 559 F.2d 716, 719 (D.C.Cir.1977). Shea & Gould did not attempt to file its bill of costs, however, until November 16, 1988, some ten weeks after our decision of August 30. Because Fed.R.App.P. 39(d) requires that bills of costs be filed "within 14 days after the entry of judgment," the clerk of this court refused to accept the attempted filing. Shea & Gould then moved for leave to file its bill of costs out of time. It stated that Apex, the adversary party in the underlying appeal, is in bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (1982 & Supp. IV 1986), and that a timely motion for costs would have violated the automatic stay of Section 362 of the Bankruptcy Code. 11 U.S.C. § 362 (1982 & Supp. IV 1986). While we agree that Section 362 stays motions for costs pursuant to Fed.R.App.P. 39, we hold that movants subject to the automatic stay of Section 362 must seek relief from the automatic stay in the bankruptcy court within 14 days.

We have discretion to relieve movants from the 14-day timeliness requirement of Rule 39 upon showing of just cause. *Nelson v. James*, 722 F.2d 207, 208 (5th Cir. 1984) (per curiam); *cf., e.g., Saunders v. Washington Metropolitan Area Transit Authority*, 505 F.2d 331, 334 (D.C.Cir. 1974). We believe that the fact that a movant is subject to the automatic stay of Section 362 can constitute good cause for a delayed Rule 39 filing. We also believe, however, that such a movant must move the bankruptcy court expeditiously for relief from the stay.

Here, appellant did not move the bankruptcy court for relief from the automatic stay until September 23, 1988, nearly four weeks after our judgment in the underlying appeal was entered. While the automatic stay prevented appellant from making its motion before this court within 14 days, it did not prevent appellant from making its motion within 14 days before the bankruptcy court. We see no reason why the bankruptcy of the losing party on

appeal should result in a windfall time enlargement for the prevailing party. We therefore hold that, while the automatic stay of Section 362 may justify the delayed filing of bills of costs under Fed.R.App.P. 39, it does so only if the movant has moved the bankruptcy court for relief from the stay within the designated 14 days. This holding is not only consistent with Rule 39 but also provides a bright-line test.

DENIED.