941 F.2d 368
 20 Fed.R.Serv.3d 833
 Ada Mae SIMS, Individually, and as Guardian of the Estate of
Margarette Nell Spigner, Incompetent, and as Next Friend of
Zacharius Marcel Spigner and Corey Gereman Spigner, Minors,
and Clarissa Thomlinson, Plaintiffs-Appellants,
v.
The GREAT-WEST LIFE ASSURANCE CO., et al., Defendants,
George R. Chilson, Frank Rose, Individually and d/b/a C.R.C.
Properties and/or C.R.C. Management, C.R.C. Employee Health
Care Plan, Edwin W. Chapman, and Brady, Chapman, Holland &
Associates, Defendants-Appellees,
 No. 90-2445.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 12, 1991.
 
 John R. Knight, Don Fogel, Morris & Campbell, Houston, Tex., for plaintiffs-appellants.
 Naomi S. Ostfield, James J. McConn, Jr., Susan C. Stevenson, Hays, McConn, Price & Pickering, Houston, Tex., for Edwin W. Chapman and Brady, Chapman, Holland & Asso.
 Augustus T. White, Keck, Mahin & Cate, Houston, Tex., for Chilson & Rose, individually, and d/b/a CRC Prop. and/or CRC Management.
 Appeal from the United States District Court for the Southern District of Texas.
 Before THORNBERRY, JOLLY and SMITH, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 Pending before the court are motions by the two prevailing appellees in the above styled case seeking an award of costs and attorney's fees. Appellees George R. Chilson and Frank Rose, individually and d/b/a various C.R.C. entities (collectively "CRC"), and Edwin W. Chapman and Brady, Chapman, Holland & Associates (collectively "Brady Chapman"), seek an award under Fed.R.App.P. 38 for double costs and reasonable attorney's fees on the grounds that Sims's original appeal was frivolous. In the alternative, CRC and Brady Chapman seek an award of reasonable attorney's fees pursuant to ERISA's discretionary fee shifting provision 29 U.S.C. § 1132(g)(1). Also before the court is a separate motion by Brady Chapman seeking an extension of time to file its Bill of Costs. For the reasons set forth below, Brady Chapman's motion for extension of time to file its Bill of Costs is denied. Likewise, we deny all the remaining motions as untimely filed.
 
 
 2
 * In the previous panel decision, we affirmed the district court's grant of summary judgment in favor of Brady Chapman and CRC. As indicated in our opinion, we found that the plaintiff, Ada Sims, had received more benefits than she was entitled to under the applicable ERISA policy. We therefore concluded that she was not injured by the defendant's decision to change insurance carriers. The judgment of this court, which was entered on April 9, 1991, awarded costs to the appellees. Under Fed.R.App.P. 39(d), the prevailing party has fourteen days to file its Bill of Costs with this court. That period expired on April 23, 1991, and no Bill of Costs had been filed.
 
 II
 
 3
 On April 25, 1991, sixteen days after entry of judgment, CRC filed its motion for double costs and reasonable attorney's fees under Fed.R.App.P. 38 and, in the alternative, reasonable attorney's fees under § 1132(g)(1) of ERISA. CRC has not filed a bill for costs under Rule 39, nor has it filed a motion for extension of time within which to file.
 
 
 4
 On May 3, 1991, twenty-four days after entry of judgment, Brady Chapman filed its verified Bill of Costs, along with a motion for extension of time to file the motion for costs. On May 17, 1991, fully 38 days after we entered judgment, Brady Chapman separately filed a motion for double costs and reasonable attorney's fees under Rule 38, and alternatively, reasonable attorney's fees under § 1132(g)(1). Unlike CRC, however, Brady Chapman filed a motion for extension of time to file its motion for double costs and attorney's fees under Rule 38 and § 1132(g)(1).
 
 
 5
 Sims filed briefs in opposition, claiming that the appellees' motions were untimely, and that costs and attorney's fees were not justified.
 
 III
 
 6
 * We begin with Brady Chapman's motion to extend time to file its Bill of Costs. Under Federal Rules of Appellate Procedure 39(d), the prevailing party has fourteen days to file a verified Bill of Costs with this court after entry of judgment. That period expired on April 23, 1991. Brady Chapman, however, did not file its verified Bill of Costs until May 3, 1991, some ten days after the period expired.
 
 
 7
 With its Bill of Costs, however, Brady Chapman filed a Motion to Extend Time for Filing. "A court of appeals is empowered 'for good cause shown' to enlarge the time limits prescribed by the Federal Rules of Appellate Procedure." Nelson v. James, 722 F.2d 207, 208 (5th Cir.1984) (per curiam) (quoting Fed.R.App.P. 26(b)). Brady Chapman advances two justifications for their failure to comply with Fed.R.App.P. 39(d): (1) they inadvertently misplaced the blank Bill of Costs form that accompanied their copy of the opinion, and (2) they did not become aware of Rule 39(d)'s fourteen-day period until they received a copy of CRC's Motion for Double Costs and Attorney's Fees, to which an executed Bill of Costs was attached. These are patently insufficient reasons to demonstrate good cause to enlarge the time limits in question. See, e.g., Nelson, supra; Mollura v. Miller, 621 F.2d 334, 336 (9th Cir.1980); and Laffey v. Northwest Airlines, Inc., 587 F.2d 1223 (D.C.Cir.1978). As Brady Chapman has failed to demonstrate that good cause exists for granting an extension to Rule 39(d)'s fourteen-day filing period, we deny the motion.[1]
 
 B
 
 8
 Apparently realizing that their failure to meet Rule 39(d)'s filing period precludes recovery of costs, CRC and Brady Chapman hope to bypass this restriction by requesting costs or double costs and reasonable attorney's fees under Fed.R.App.P. 38.
 
 
 9
 Rule 38 provides, "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." The rule does not, however, specify any time limit for filing motions for either costs or damages. Nevertheless, we have previously addressed the time period for filing Rule 38 motions in Knoblauch v. Commissioner, 752 F.2d 125 (5th Cir.1985) [Knoblauch II ]. In that case, we observed that Rule 38 distinguishes between awarding "just damages," which generally include attorney's fees, and "single or double costs." We interpreted this distinction as requiring that requests for "costs" be analyzed separately from requests for "damages." Following Knoblauch II, we will analyze the timeliness of CRC's request for costs and damages separately.
 
 
 10
 (1)
 
 
 11
 With respect to the time period for considering the issue of costs, the Knoblauch II court held that, "The filing of a bill of costs ... generally is governed by Fed.R.App.P. 39(d), and we believe that rule's provisions apply as to costs awarded under Rule 38." Id. at 127. In other words, requests for single or double costs under Rule 38 must be made within fourteen days following entry of judgment to be timely filed.
 
 
 12
 In the instant case, we entered judgment in the underlying action on April 9, 1991. CRC, however, did not file its Rule 38 motion until sixteen days later, on April 25, 1991. Moreover, CRC has not requested an extension of the filing period. Accordingly, because its motion for costs or double costs was made after the fourteen-day period, and because no good cause for its untimeliness has been shown, we are bound by Knoblauch II to deny the request as untimely filed.
 
 
 13
 Brady Chapman, likewise, filed its motion for double costs well after the fourteen-day filing period had passed. On May 31, 1991, however, Brady Chapman filed a motion for leave to file its May 17, 1991 motion for double costs and attorney's fees. In that motion, Brady Chapman explains that:
 
 
 14
 By a letter dated May 2, 1991, Brady, Chapman's attorneys advised the Court that Brady, Chapman also intended to file a Motion for Double Costs and Attorneys' Fees; that the Motion had not yet been filed because of a potential conflict of interest due to the involvement of the real party in interest, National Union Fire Insurance Company ("National Union"), which was not a party to the appeal; and that Brady, Chapman expected to have the conflict resolved in the near future.
 
 
 15
 Brady Chapman states that it did not receive National Union's permission to file its Rule 38 motion until May 16, 1991, and thereafter promptly filed its motion the next day. Under these circumstances, Brady Chapman argues, good cause exists for extending the filing period.
 
 
 16
 As noted above, we may enlarge the time limits prescribed by the Federal Rules of Appellate Procedure "for good cause shown." Nelson v. James, 722 F.2d at 208. Brady Chapman fails to account for why they waited until May 2, 1991, at the earliest to inform this court of its delay in filing and the reasons for that delay. That is, they do not attempt to explain their reasons for ignoring the matter until after the fourteen-day period had lapsed (unless they are the same reasons for failing to file its Rule 39 Bill of Costs, reasons that we have earlier rejected). In the complete absence of such an explanation, good cause for the delay has not been shown. Brady Chapman's motion for leave to file their Rule 38 motion is therefore denied. Accordingly, double costs under Rule 38 are denied.
 
 
 17
 (2)
 
 
 18
 With respect to the issue of "just damages," the Knoblauch II court reasoned that Rule 39(d)'s time limits are not applicable because of the separate treatment of costs and damages under Rule 38. Knoblauch II, 752 F.2d at 127; see also Seyler v. Seyler, 678 F.2d 29, 30 (5th Cir.1982); Stacy v. Williams, 446 F.2d 1366, 1367 (5th Cir.1971). In determining what time limits, if any, applied to requests for damages, the Knoblauch II court, in a footnote, declined to follow the path of the Ninth Circuit and District of Columbia Circuit courts which had held that motions for statutory appellate attorney's fees are not governed by Rule 39's fourteen-day limit for filing bills of costs, or by any other limit imposed by the federal Rule of Appellate Procedure. See, e.g., Environmental Defense Fund, Inc., v. Environmental Protection Agency, 672 F.2d 42 (D.C.Cir.1982); Northern Plains Resource Council v. United States Envtl. Protection Agency, 670 F.2d 847, 848 n. 1 (9th Cir.1982), vacated on other grounds, 464 U.S. 806, 104 S.Ct. 54, 78 L.Ed.2d 73 (1983). Instead, the Knoblauch II court held that "based on our panel decision in this case and on Stacy v. Williams, 446 F.2d 1366 (5th Cir.1971) [ (per curiam) ], we will follow the petition for rehearing rule stated in the text of this opinion when the Commissioner seeks damages for frivolous appeals." Knoblauch II, 752 F.2d at 127 n. 2.
 
 
 19
 The parties take differing views on precisely what is the "petition for rehearing rule," and whether it is applicable to the case at bar. Sims argues that Knoblauch II established a rule in this circuit that all motions for Rule 38 costs and damages must be made pursuant to petition for rehearing. See C. Wright, A. Miller, E. Cooper, 16 Federal Practice and Procedure § 3984, p. 669 (1991 Supp.) ("The Fifth Circuit ... has adopted a procedure of requiring that requests for damages be made by petition for rehearing, which is subject to a fourteen-day period by rule 40"). In contrast, CRC and Brady Chapman argue that Knoblauch II is limited to the facts of that case, or at least limited to frivolous tax appeals.
 
 
 20
 In Knoblauch II, the Commissioner had requested Rule 38 costs and damages in its response to the original appeal. See Knoblauch v. Commissioner, 749 F.2d 200, 202 (5th Cir.1984) [hereinafter Knoblauch I ]. The panel granted the request in the opinion on the merits, but declined to award any specific Rule 38 costs and damages because the Commissioner had failed to submit an itemized list of the amounts it requested. Id. at 201-03. The court noted that the amount of Rule 38 damages is normally decided based upon some showing in the record, upon remand, or, when only attorney's fees are requested, in accordance with Local Rule 47.8. Id. Significantly, the panel, in its opinion on the merits, specifically had instructed the Commissioner to request its attorney's fees and costs by "a timely petition for rehearing." Knoblauch II, 752 F.2d at 127.
 
 
 21
 We find that in trying to apply Knoblauch II to our case, its analysis and holding are somewhat cloudy. Knoblauch II only directs that in all future cases the Commissioner is to request Rule 38 damages by filing a timely petition for rehearing. Although less than clearly worded, we think that ultimately Knoblauch II can only be interpreted as creating a broad rule that applies petition for rehearing time limits under Rule 40 to all requests for damages under Rule 38. We perceive no justifiable reason or compelling rationale for treating frivolous tax appeals different from other frivolous appeals, or for treating the Commissioner any different from any other party who invokes Rule 38. Nor do we find any basis to conclude the Knoblauch II panel itself ever intended to create two categories of cases, tax and non-tax, that assert Rule 38 damages. To be sure, that panel expressly rejected the D.C. Circuit and Ninth Circuit holdings that support the position CRC and Brady Chapman urge on us today--that Rule 38 is bound by no applicable time limits. Furthermore, we are convinced that the "petition for rehearing rule" simply makes good sense. First, the rule effectively creates uniformity in the filing periods for costs and for damages under Rule 38: both must be filed within fourteen days after entry of judgment. Second, it creates a bright-line rule for counsel to follow in requesting such awards, rather than leaving time periods up to the various individual panels to determine. Next, any reasonably perceptive attorney will quickly understand, upon receipt of the panel opinion whether there is a basis for attorney's fees; in other words, freeing Rule 38 of any time restraints serves little or no equitable purpose. Finally, a petition for rehearing is clearly the most appropriate procedure for asking the panel to modify its opinion to include a provision for damages under Rule 38. In conclusion, we hold (assuming Knoblauch II failed to make certain) that requests for damages under Rule 38 must be made, in all cases, by a timely petition for rehearing under the terms of Rule 40.[2]
 
 
 22
 Turning to the case at bar, CRC and Brady Chapman each filed their Rule 38 motions more than fourteen days after entry of judgment. Under the petition for rehearing rule, their requests are hereby denied as untimely filed.
 
 C
 
 23
 Finally, we address CRC and Brady Chapman's request for costs and reasonable attorney's fees under 29 U.S.C. § 1132(g)(1). That section, applicable both to trials and appeals, provides that:
 
 
 24
 In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of the action to either party.
 
 
 25
 Section 1132(g)(1), general as it is, does not set out any time limits for making such a request to whatever the appropriate court may be. Sims contends that CRC and Brady Chapman's requests under § 1132(g)(1) is analogous to their request for damages under Rule 38, and that the "petition for rehearing rule" should likewise apply. We agree. Whether the right for attorney's fees is couched in terms of Rule 38 or in terms of § 1132(g)(1), the respective sources of the request for attorney's fees are handled procedurally as equivalents so far as they relate to the panel opinion: both seek to have the panel reconsider its original decision and amend that decision to award attorney's fees. Accordingly, the "petition for rehearing rule" must apply to requests for attorney's fees under § 1132(g)(1). See generally McClure v. Zoecon, Inc., 936 F.2d 777 (5th Cir.1991) (applying the most closely analogous rule when ERISA provided no statute of limitations).
 
 
 26
 In a similar vein, CRC and Brady Chapman's request for costs under § 1132(g)(1) must also be denied as untimely. These requests for costs are handled procedurally as equivalent to requests for costs under Rules 38 and 39(e). Knoblauch II requires that we apply the fourteen-day filing period of Rule 39(d) to requests for costs under § 1132(g)(1). As CRC and Brady Chapman's motions for costs and attorney's fees under § 1132(g)(1) were made after the fourteen-day time periods had expired, their motions are hereby denied as untimely.
 
 IV
 
 27
 For the reasons stated, Brady Chapman's motion to extend time to file their bill and motions, respectively, under Fed.R.App.P. 38 and 39 are DENIED. CRC's and Brady Chapman's requests for costs, double costs and attorney's fees under Rule 38 is also DENIED. Finally, the motions for costs and reasonable attorney's fees under 29 U.S.C. § 1132(g)(1) are DENIED.
 
 
 
 [1]
 We reiterate that CRC has not filed a request for costs under Rule 39, nor has it filed a motion for extension of time to file its Bill of Costs under Rule 39(d)
 
 
 [2]
 Fed.R.App.P. 40 provides, "A petition for rehearing may be filed within 14 days after entry of judgment unless the time is shortened or enlarged by order or by local rule."