United States Court of Appeals
Fifth Circuit

**F I L E D**

July 3, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20070
Summary Calendar

YIGAL BOSCH, on behalf of himself
and all others similarly situated,

Plaintiff - Counter Defendant - Appellant,

VERSUS

CRESTAR BANK, and its successor in interest Fleet Bank;
FLEET CREDIT CARD SERVICES,

Defendant - Counter Claimants - Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(H-99-4071)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Yigal Bosch <u>pro se</u> appeals the district court award of $17,126 in attorney fees and $126 in costs to Crestar Bank, its successor in interest, Fleet Bank, and Fleet Credit Card Services, LP

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("Defendants") upon remand from this Court.  We AFFIRM.

Bosch holds a credit card issued by Crestar.  After Fleet Bank acquired his account from Crestar, Bosch was notified that various terms applying to his credit card had been changed.  The cardholder agreement authorized the changes.  In November 1999, he sued the Defendants for breach of the cardholder agreement, for breach of statutory obligations, and for various fraud-related torts.  The district court granted summary judgment for the Defendants.  Bosch appealed, despite the district court's warning that he not pursue a frivolous appeal.  In an opinion issued on January 9, 2002, this Court found on the merits that summary judgment was properly granted.[1]  We further concluded that Bosch's appeal was frivolous and granted the Defendants' motion for damages and costs under Rule 38 of the Federal Rules of Appellate Procedure.

On January 22, 2002, the Defendants filed a bill of costs in the amount of $126 pursuant to Rule 39.  After the mandate issued on February 22, 2002, the case was returned to the district court for the determination of costs, expenses, and attorney fees.  On April 2, 2002, the district court advised the Defendants that the fee issue would be handled by written motion.  The Defendants filed a motion for attorney fees on May 17, 2002.  They sought $18,181 in fees and $501.39 in costs, in addition to the $126 previously requested.  The district court found that the Defendants' request

---

[1] <u>Bosch v. Crestar Bank</u>, No. 01-20533 (5th Cir. Jan. 9, 2002).

for attorney fees was reasonable and within the range of prevailing rates in the community. Although it rejected the request for the additional $501.39 in costs as untimely under Rule 39, the court awarded $17,126 in attorney fees and $126 in costs.[2] Bosch now appeals.

Apparently inspired by the district court's rejection of the additional $501.39 in costs as untimely under Rule 39, Bosch contends that the Defendants' "motion for judgment for appellate expenses, fees and costs" was itself untimely. This argument is meritless. No rule addresses the time limit for filing an itemization of attorney fees already granted under Rule 38. The sole purpose of our remand of this matter was to determine "the amount" of attorney fees we had just granted. To the point, we imposed no time limit on the calculation of this amount.[3]

---

[2] The Defendants do not contest the award.

[3] Bosch's reliance on Knoblauch v. Commissioner of Internal Revenue, 752 F.2d 125 (5th Cir. 1985), and Sims v. Great-West Life Assurance Co., 941 F.2d 368 (5th Cir. 1991), is misplaced. In our decision on the merits in Knoblauch, we awarded the Commissioner double costs and damages, including attorney fees, under Rule 38. We instructed the Commissioner to request his damages "by 'timely' petition for rehearing." Id. at 127. This instruction, we explained, gave him only fourteen days in which to make his request for damages. In Sims, we extended Knoblauch to require that an initial request for damages under Rule 38 must be made within fourteen days of judgment through a petition for rehearing. The present case is unlike Knoblauch in that here we imposed no time limit on the Defendants' itemization of attorney fees. It is unlike Sims in that here the Defendants made their initial request for Rule 38 damages before the entry of our opinion on the merits, which included the award of Rule 38 attorney fees. Furthermore, the Sims petition-for-rehearing requirement is simply not applicable here, where we remanded to the district court for the

We also reject Bosch's assertion that the attorney fees awarded were unreasonable.  Bosch altogether fails to show how the district court's thorough and well-reasoned analysis was undermined by either factual or legal error.  Because we find no abuse of discretion in the district court's award of $17,126 in attorney fees and $126 in costs,[4] we AFFIRM.

AFFIRMED.

determination of the amount of fees.

[4] <u>Jason D.W. v. Houston I.S.D.</u>, 158 F.3d 205, 208 (5th Cir. 1998).