**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-10387

VERNA SEABERRY,

Plaintiff-Counter Defendant-Appellee,

versus

RICHESON MANAGEMENT CORP. and JIMMY C. AVERITT,
as Trustee of the Verna Seaberry Trust,

Defendants-Counter-Claimants- Appellants.

Appeals from the United States District Court
For the Northern District of Texas

(7:93-CV-076-X)

October 9, 1997

Before WISDOM, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the petition for rehearing filed by appellant Richeson Management Corporation ("RMC") is GRANTED, and the following is substituted in the place of our earlier opinion.

From October of 1971 until July of 1992, Plaintiff Verna Seaberry ("Seaberry") was employed by Defendant Richeson Management

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corporation ("RMC") or an affiliated entity. RMC operates several Dairy Queen Restaurants throughout Texas, and Seaberry advanced through various management level positions.

In 1992, RMC and Seaberry entered into a written contract entitled "Supplemental Income Plan for Verna Seaberry" ("Income Plan") and the "Verna Seaberry Trust" ("Trust") (collectively referred to as "the Plan"). The Income Plan was executed by RMC on March 16, 1992, and by Seaberry on the following day. The Trust was executed by RMC on March 16, 1992, and by Defendant Jimmy Averitt ("Averitt"), Trustee of the Trust, on March 19, 1992. The effective date of both instruments is April 1, 1992.

Section 1.2 of the Income Plan states RMC's purpose in providing retirement benefits to Seaberry: "The Employer believes that the Employee's commitment and loyalty to the Employer has [sic] been and is [sic] valuable to the Employer and should be rewarded. Accordingly, the Employer provides the Employee with retirement benefits in the form of a supplemental income plan as set forth by this agreement."

Section 2.1 of the Income Plan, entitled "Establishment of Plan," states: "The Employer hereby agrees to provide the Employee with the Plan Benefits subject, however, to the eligibility requirements specified by this Article and the other terms, provisions and conditions of this Agreement." Section 2.1(b) provides that payments under the Income Plan will begin to be paid to Seaberry on her "Retirement Date."

2

Section 2.1(c) of the Income Plan is entitled "Definition of Retirement Date." That portion reads: "References in this Agreement to 'Retirement Date' shall mean the last day of the month during which the Employee ceases to be employed by the Employer [whether by resignation, retirement, or disability on a voluntary or involuntary basis]" (bracketed phrase in original).

On June 20, 1992, three months after the Plan went into effect, RMC terminated Seaberry's employment, allegedly for cause. RMC refused to fully fund the Trust and consequently precluded Averitt from dispersing the benefits in the Trust to Seaberry.

On June 24, 1993, Seaberry filed suit alleging that RMC had improperly denied her benefits under the Plan. RMC timely answered, arguing *inter alia* that Seaberry's employment with RMC was terminated for cause and that termination for cause was not included in the definition of "Retirement Date." Therefore, RMC argued, Seaberry was not eligible for the Plan benefits because she never reached her "Retirement Date." The parties filed cross motions for summary judgment. The district court granted Seaberry's motion, finding that the clause in question was ambiguous and resolved the ambiguity in favor of the employee/claimant, citing *Ramsey v. Colonial Life Ins. Co of America*, 12 F.3d 472, 479 (5th Cir. 1994)(affirming summary judgment granted in favor of an ERISA claimant and applying the *contra proferentum* rule of contract interpretation to construe

3

ambiguous language of ERISA plan). Appellant RMC contends on appeal that the language is not ambiguous and even if it is ambiguous, the district court erred in granting summary judgment and holding that, as a matter of law, termination for cause does not fall within the provision. Having reviewed the summary judgment evidence and considered the briefs of the parties, we AFFIRM the grant of summary judgment for essentially the reasons given by the district court. *See Seaberry v. Richeson Management Corp.*, Civil Action No. 7:93-CV-076-X, Northern district of Texas (Dec. 6, 1994).

ERISA also provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This section applies both to trials and appeals. *Sims v. Great-West Life Assurance Co.*, 941 F.2d 368, 373 (5th Cir. 1991). Furthermore, § 3.7 of the Income Plan provides as follows:

> Attorneys' Fees. If any action at law or in equity, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and all other costs and expenses of litigation from the other Party, which amounts may be set by the court in the trial of such action or may be enforced in a separate action brought for that purpose, and which amounts shall be in addition to any other relief which may be awarded.

This section of the Plan makes the prevailing party's right to attorneys' fees and costs mandatory. Accordingly, Seaberry is entitled to recover her reasonable attorneys' fees and costs in

4

defending the district court's judgment. This amount is to be determined by the district court on remand. *See Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Mar-Len, Inc.*, 30 F.3d 621, 624 n.4 (5th Cir. 1994); *Carpenters Amended & Restated Health Benefits Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1176 (5th Cir. 1985).

The summary judgment is therefore AFFIRMED and the case remanded to the district court for a determination of appropriate attorneys' fees and costs.

IT IS FURTHER ORDERED that the petition for rehearing filed by appellant Jimmy C. Averitt, Trustee in this case is GRANTED. Plaintiff Seaberry brought suit against RMC and Averitt, the trustee of the "Verna Seaberry Trust." The parties agree that Averitt has no obligation to fund the trust on his own, and that Averitt has no duty to take any action until RMC is ordered to fund the trust. To the extent that the district court's judgment can be read to make Averitt jointly and severally liable for the payment of Seaberry's retirement benefits, the district court's judgment is REFORMED to absolve Trustee Averitt of such liability.

AFFIRMED in part, REFORMED in part, and REMANDED for consideration of attorney fees.