**NEW YORK CENTRAL RAILROAD COMPANY, Third-Party Plaintiff-Appellant,**

v.

**CITY PRODUCTS CORPORATION, Third-Party Defendant-Appellee.**

**No. 16118.**

United States Court of Appeals
Sixth Circuit.

Nov. 17, 1965.

Edward M. Miller, Levin, Levin, Garvett & Dill, Detroit, Mich., for N. Y. C.

Konrad D. Kohl, Detroit, Mich., for City Products, Davidson, Gotshall, Kelly, Halsey & Kohl, Detroit, Mich., on the brief.

Before WEICK, Chief Judge, MILLER, Circuit Judge,* and MATHES, Senior District Judge.**

PER CURIAM.

This appeal is by third-party plaintiff New York Central Railroad Company

from a judgment entered on a directed verdict in favor of third-party defendant City Products Corporation, upon the third-party complaint of appellant to recover from appellee the amount paid by appellant in satisfaction of a judgment in favor of appellee's employee Sims for damages for personal injuries sustained while icing the bunkers of one of appellant's refrigerator cars, in performance of a contract between appellant and appellee.

The evidence disclosed that, while standing on top of a refrigerator car, Sims was injured by being thrown against a bunker door as a proximate result of a switching operation by appellant in its Kirby Avenue yard at Detroit.

When Sims sued appellant, the latter filed a third-party complaint against City Products Corporation, Sims' employer, to recover indemnity pursuant to an agreement which provided that:

"City [appellee] shall be liable for and agrees to indemnify and hold harmless Central [appellant] * * * from and against any damage to any agent or employee of City while performing the icing * * * services herein required to be performed by City, except when such damage is shown to have been caused solely by the negligent acts or omissions of Central * * *"

The single, plain meaning of this language is that City will indemnify Central if it be established that negligence of anyone other than Central contributed in any degree as a proximate cause of Sims' damage. [Compare Federal Employers' Liability Act, 45 U.S.C. § 51.]

The jury found, on a directed verdict, that negligence on the part of appellant was a proximate cause of Sims' injuries, and appellant has satisfied the judgment entered on the jury's verdict. However, the District Court did not submit to the jury the issue raised by the third-party complaint as to whether appellant's neg-

---

* Judge Miller did not participate in the decision in this case.

** William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

**74**

ligence was the sole cause of Sims' damage, within the meaning of the provisions of the indemnity agreement.

There is evidence in the record of communications, and other acts and omissions, of certain of City's agents, other than Sims, relative to completion of the icing operations; from which the jury might have found "with reason" that negligence of the appellee at the time and place in question contributed in part as a proximate cause of the damage in controversy; and hence concluded that appellant's negligence was not the "sole cause". [See Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 764 (1957).]

Any liability of appellee to appellant was, therefore, a question for the jury; and it was prejudicial error not to have submitted this question for the jury's determination. Accordingly, the judgment in favor of appellee on the third-party complaint must be reversed, and the cause remanded for a new trial.

Reversed.