**GRANITE CITY STEEL COMPANY, Plaintiff-Appellant,**

v.

**KOPPERS COMPANY, INC., Defendant-Appellee.**

**No. 17619.**

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1969.

Charles W. King, Burroughs, Simpson & King, Edwardsville, Ill., for plaintiff-appellant.

Robert B. Maucker, Hoagland, Maucker, Bernard & Almeter, Alton, Ill., for defendant-appellee.

Before KNOCH, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and GRANT,* District Judge.

GRANT, District Judge.

Plaintiff, Granite City, appeals from the district court's order dismissing its complaint for failure to state a claim upon which relief could be granted. We reverse.

The complaint invoked the lower court's diversity jurisdiction and sought to state a claim on an indemnity agreement. It alleged the existence of a contract by which defendant, Koppers, was to perform construction work for Gran-

---

\* District Judge from the United States District Court for the Northern District of Indiana, sitting by designation.

ite City on the latter's premises and, among other things, indemnify appellant for all expenses for injuries growing out of the performance of the contract, except as the injuries were caused solely by Granite City's negligence.[1]

The complaint continued, reciting that one of Koppers' employees sued appellant for negligently causing him injury during the performance of the contract, that Koppers refused the tender of defense in that action, and Granite City made a good faith settlement with the employee for Fifty-five Thousand Dollars.

In conclusion, the complaint alleged that by virtue of the indemnity agreement (a copy of which was attached to the complaint) and the alleged occurrences, plaintiff was entitled to Fifty-five Thousand Dollars, interest, and costs.

Koppers moved to dismiss for failure to state a claim contending that recovery could not be had under the indemnity agreement because plaintiff sought to recover for a loss which was the result of its own negligence.

■ There is no question but that Illinois law, which controls here, will not construe an indemnity contract so as to protect the idemnitee from the consequences of its own negligence unless the clear and explicit language of the contract requires it. Westinghouse Co. v. LaSalle Monroe Bldg. Corp., 395 Ill. 429, 70 N.E.2d 604 (1946). Clear and explicit language does not, however, require "specific reference to liability arising out of the indemnitee's negligence," Spurr v. LaSalle Constr. Co., 385 F.2d 322, 330 (7th Cir. 1967). Both this court, see Bentley v. Palmer House Co., 332 F.2d 107, 110 (7th Cir. 1964), and the Illinois appellate court, see De Tienne v. S. N. Nielsen Co., 45 Ill.App.2d 231, 195 N.E. 2d 240 (1963); Gay v. S. N. Nielsen Co.,

18 Ill.App.2d 368, 152 N.E.2d 468 (1958), have held that general inclusive language was sufficiently explicit to meet the requirements of Illinois law. The controlling principles of law are clear. Their application below was erroneous.

■ Defendant's agreement to indemnify plaintiff for certain losses not caused by the latter's sole negligence, while cast in negative terms, cannot reasonably be construed to mean other than that Koppers undertook to protect plaintiff from monetary losses resulting from its own negligence, provided that some other party's negligence proximately caused a specified loss. New York Central R.R. v. City Products Corp., 353 F.2d 72 (6th Cir. 1965) so holds and Koppers, in its brief, concedes this much.

■■ Seeking to justify the dismissal below, however, appellee has attempted to turn a substantive issue, interpretation of the contract, into a pleading question. It asserts the complaint is fatally defective because Granite City nowhere alleged that the injury to the employee was proximately caused by Koppers' negligence.

The complaint does state that a warning was given to Koppers' employees before the accident, but that it was not heeded. Although these averments suggest negligence on Koppers' part, they fail to claim, expressly, that the negligence of Koppers was a proximate cause of the injury, concurring with plaintiff's negligence, if any.

This point is first raised on appeal. Since a defendant may not raise a new theory or radically shift ground on appeal, Rumbaugh v. Winifrede R.R., 331 F.2d 530 (4th Cir.), cert. denied, 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341 (1964); cf. Wagner v. Retail Credit Co., 338 F.2d 598 (7th Cir. 1964); Jones v. Tower Production Co., 120 F.2d 779

---

1. The indemnity provision of the contract, in pertinent part reads: Contractor [Koppers] agrees to indemnify, to protect and at its expense, to undertake the defense of Granite City Steel Company against all liability, claims, or demands for injuries or damages to any person or property growing out of the performance of this contract [except for liability, etc., resulting from] Owner's [Granite City] sole negligence.

(10th Cir. 1941), we do not consider it. Had this now asserted pleading deficiency been raised below, the dispute could have been resolved either by the district judge's rulings or by plaintiff seeking leave to amend the complaint and remedy the defect, if such there be.

Reversed and remanded for further proceedings not inconsistent herewith.