**James W. SISK, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–1310.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 5, 1985.

Decided May 22, 1986.

James W. Sisk, Madison, Tenn., for petitioner-appellant.

Michael L. Paup, Tax Division, U.S. Dept. of Justice, Washington, D.C., Carleton D. Powell, Gary D. Gray, Washington, D.C., for respondent-appellee.

Before: KEITH and KENNEDY, Circuit Judges, and UNTHANK, District Judge *.

KEITH, Circuit Judge.

This is an appeal from a judgment of the Tax Court which determined that the taxpayer, James W. Sisk, was deficient in the payment of federal income taxes for the years 1979–80 in the amount of $59,674. The Tax Court imposed a fifty percent civil fraud penalty of $29,837 against the taxpayer pursuant to 26 U.S.C. § 6653(b). The Tax Court also found taxpayer liable under 26 U.S.C. § 6654 in the amount of $3,158 due to underpayment of estimated taxes. Taxpayer now appeals this decision of the Tax Court.

During the taxable years 1979 and 1980, taxpayer operated, as sole proprietor, a computer consultant service firm. Taxpayer failed to maintain or submit to the Internal Revenue Service adequate books or records of the operation of his business for the taxable years of 1979 and 1980. Although he received adjusted gross income in 1979 and 1980 in the amounts of $65,-282.13 and $62,894.76, respectively, he did not file income tax returns for those years. Neither did taxpayer make installment payments of estimated tax, as he was required to do, per quarter for 1979 and 1980.

## I.

Taxpayer has not filed a federal income tax return since 1976, although he had sufficient income to require that a return be filed for each year since 1976. Moreover, taxpayer was repeatedly advised by the Internal Revenue Service that the protest documents he had filed since 1976 did not constitute income tax returns. Further, in a deliberate attempt to avoid the recordation of his income, taxpayer cashed checks received in payment for his services at a number of financial institutions but deposited less than half of his gross receipts in bank accounts. In 1981, taxpayer was convicted on two counts of violating 26 U.S.C. § 7206(1) of the Internal Revenue Code by filing false returns for 1975 and 1976 and on two counts of violating Section 7203 of the Code by willfully and knowingly failing to file returns for 1977 and 1978. After his conviction, taxpayer told his probation officer that he transferred title to his house and was dealing in cash so that the Internal Revenue Service would not be able to reach his assets.

---

* Honorable G. Wix Unthank, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The Commissioner of the Internal Revenue Service determined deficiencies in taxpayer's income taxes for 1979 and 1980 and further assessed civil penalties for each of those years. Taxpayer opposed the proposed deficiencies and fraud penalties by claiming that his labor was not income and that the deficiency was not based on fraud. Moreover, taxpayer filed a motion to dismiss the proceedings claiming the Internal Revenue Service lacked jurisdiction over him. Taxpayer also moved for attorney fees. The Tax Court found that payment for services is taxable income. It also denied taxpayer's motion to dismiss for lack of jurisdiction and motion for attorney fees. Finally, the Tax Court sustained the Commissioner's deficiency determination and civil fraud penalties.

## II.

On appeal, taxpayer claims that the Tax Court erred in using evidence developed in the course of a grand jury investigation and that the Tax Court lacked subject matter jurisdiction. For the following reasons we reject taxpayer's contentions and affirm the decision of the Tax Court.

### A.

Taxpayer first argues that the notice of deficiency was improperly calculated using evidence developed in the course of a grand jury investigation and released to the Internal Revenue Service in violation of Rule 6(e) of the Federal Rules of Criminal Procedure. Rule 6(e)(2) of the Federal Rules of Criminal Procedure imposes a general rule of secrecy over matters occurring before a grand jury. However, subsection (3)(C)(i) of Rule 6(e) provides that disclosure otherwise prohibited may be made "when so directed by a court preliminarily to or in connection with a judicial proceeding." Taxpayer thus contends that the calculation of his civil tax liabilities with evidence from the grand jury investigation is prohibited by Rule 6(e)(2) and the Supreme Court's holdings in *United States v. Baggot,* 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983) and *United States v.*

*Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

The Supreme Court in *Sells Engineering* held that government attorneys, other than those working on the criminal matters to which the grand jury investigation pertains, must obtain a court order under subparagraph (C)(i) to obtain grand jury material. 463 U.S. at 441–42, 103 S.Ct. at 3147. In *Baggot* the Supreme Court held that an Internal Revenue Service audit of civil tax liability was not "preliminary to or in connection with a judicial proceeding" and, therefore, that disclosure of grand jury material could not be made under the exception in subparagraph (C)(i) for such purposes.

■ We do not believe the Supreme Court's holdings in *Sells Engineering* or *Baggot* are applicable to the instant case. Neither case prohibits the use of evidence presented at a criminal trial in determining a taxpayer's civil tax liability. Evidence presented at a criminal trial is not protected by the guarantees of secrecy surrounding a grand jury investigation, but are matters of public record.

■ Even if the material in question had been presented only to a grand jury and not at trial, *Baggot* would not prohibit its use in this instance. The evidence brought before the grand jury that indicted taxpayer had been developed in the course of an investigation previously conducted by a special agent of the Internal Revenue Service. The agent's report was in the possession of the Internal Revenue Service prior to the grand jury investigation. Thus, the basis for determining taxpayer's income tax liability for the years in issue was generated internally and was not derived from grand jury material.

### B.

■ Taxpayer's second argument is that the Tax Court lacks subject matter jurisdiction in this case because the Sixteenth Amendment was never ratified by a sufficient number of states to become part of the Constitution. Specifically, taxpayer ar-

gues that the Sixteenth Amendment was not actually ratified because: (1) Ohio was not an enrolled state at the time it ratified the amendment and yet the Secretary of State counted Ohio as a ratifying state; and (2) many of the other states' resolutions ratifying the amendment contained typographical and punctuation errors. This argument is without merit.

The Supreme Court first recognized that the Sixteenth Amendment was part of the Constitution nearly seventy years ago, *Brushaber v. Union Pacific Railroad Company,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), and " 'recognition of the validity of [that] amendment [has] continue[d] in an unbroken line.' " *Knoblauch v. Commissioner,* 749 F.2d 200, 202 (5th Cir. 1984), quoting *Parker v. Commissioner,* 724 F.2d 469, 471 (5th Cir.1984). Appellant's argument that Ohio was not a state when the amendment was ratified has been rejected by every court considering it. *See Knoblauch,* 749 F.2d at 201. Next, since taxpayer does not claim that the alleged typographical errors went to the meaning of the amendment, we can only conclude that they did not effect the drafter's purpose. Moreover, inasmuch as the state legislatures are enpowered by the Constitution only to ratify or reject and not to amend a proposed amendment, it must be presumed, in the absence of any indication to the contrary, that they intended to ratify it.

The Secretary of State certified that the Sixteenth Amendment had been ratified by the legislatures of the required number of states, and the Supreme Court has held his certification is binding on the courts. *See Leser v. Garnett,* 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922). Taxpayer argues that the Secretary acted fraudulently in certifying the amendment. However, taxpayer offers no evidence of fraud in the Secretary's action. Consequently, taxpayer's argument concerning the validity of the Sixteenth Amendment is totally without merit.

Taxpayer did not challenge the correctness of the Tax Court's determination of the deficiencies in or the additions to his taxes. In the absence of clearly erroneous findings, this Court will not disturb the decision of the Tax Court.

Accordingly, for the reasons given above, we affirm the ruling of the Tax Court against James W. Sisk.