JOHN D. LAGOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lagos v. Commissioner
Docket No. 4728-85.
United States Tax Court
T.C. Memo 1986-312; 1986 Tax Ct. Memo LEXIS 299; 51 T.C.M. (CCH) 1545; T.C.M. (RIA) 86312; July 24, 1986. Charles F. Murray, for the petitioner. Robert F. Geraghty, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1978
$19,813
$991
$434
1979
70,060
$3,897
3,879
3,267
1980
115,334
5,767
7,371
The deficiencies determined by respondent were based on unsigned amended returns tendered to the Internal Revenue Service by petitioner and his agent. Respondent has moved for summary *300 judgment, for dismissal for petitioner's failure to comply with a Court order or otherwise properly prosecute, and for damages under section 6673. Chronology
From 1968 through the time of hearing in this case, petitioner resided in Edmonds, Washington, and practiced dentistry. During 1978 he joined an organization known as the American Law Association (ALA). On or about March 27, 1979, petitioner filed his Federal income tax return for 1978. He reported total tax liability of $24 self-employment tax. During 1979, respondent commenced an audit of that tax return. The audit was suspended, however, apparently as a result of a criminal investigation being conducted with respect to individuals involved in the ALA. On or about June 16, 1980, petitioner's 1979 Federal income tax return was filed. No extension of time for filing of the return was obtained. In 1980, petitioner was served with a subpoena to appear before a grand jury investigating *301 individuals associated with the ALA. On August 26, 1980, a Compulsion Order was issued by the United States District Court for the Western District of Washington. That Order stated in part: 1. That John D. Lagos has been called to testify or provide other information before the Grand Jury of the United States presently empaneled within this District; and 2. That John D. Lagos has refused to testify or provide other information on the basis of his privilege against self-incrimination; * * * * * * NOW, THEREFORE, IT IS ORDERED pursuant to Title 18, United States Code, Section 6002, that John D. Lagos give testimony or provide other information which he has refused to give or to provide on the basis of his privilege against self- incrimination as to all matters about which he may be interrogated before said Grand Jury. IT IS FURTHER ORDERED, ADJUDGED and DECREED that in accordance with the provisions of Title 18, United States Code, Section 6002, John D. Lagos shall be forever immune from the use of such testimony or any information directly or indirectly derived from such testimony against him in any prosecution, penalty or *302 forfeiture, either State or Federal or otherwise; but the witness shall not be exempt from prosecution for perjury, giving a false statement or contempt committed while giving testimony or producing evidence under this Order. On June 2, 1981, several people were indicted by a grand jury in relation to ALA activities. Certain of them were convicted by a jury of conspiracy to defraud the United States and aiding and abetting the preparation and presentation of fraudulent income tax returns in violation of section 7206(2). See United States v. Dahlstrom,713 F.2d 1423 (9th Cir. 1983); Dahlstrom v. Commissioner,85 T.C. 812 (1985); Ripley v. Commissioner,T.C. Memo. 1985-555. On June 26, 1981, petitioner executed a Form 872-A, Special Consent to Extend the Time to Assess Tax (Consent), in which he agreed that his tax liability for 1978 would be assessed on or before the 90th day after either he or the Internal Revenue Service sent specified forms of notice terminating that Consent or the Internal Revenue Service sent a notice of deficiency. No notice of termination of the Consent was sent by petitioner or by the Internal Revenue *303 Service. On or about October 14, 1981, petitioner's 1980 income tax return was filed pursuant to an extension of time that he had obtained. On November 8, 1982, this Court decided the case of Zmuda v. Commissioner,79 T.C. 714 (1982), affd. 731 F.2d 1417 (9th Cir. 1984), dealing with a purported business trust packaged by ALA. We declined to recognize that trust as a viable entity for tax purposes. On or about November 17, 1982, petitioner executed and delivered to the Internal Revenue Service forms of power of attorney in which he authorized Robert Chicoine, an attorney, and Diane Parr, a certified public accountant, to represent him before any office of the Internal Revenue Service with respect to his income tax liabilities for the years 1977 through 1981. On January 18, 1983, petitioner and Parr delivered to a representative of the Internal Revenue Service unsigned amended Forms 1040, Individual Income Tax Returns, for 1978, 1979, and 1980. They also delivered to the agent of the Internal Revenue Service a Form 872, in which they agreed to extend the time for assessment of the liability for the year 1979 to December 31, 1983. On September 28, 1983, petitioner *304 executed a Form 872 extending the time to assess the tax for the years 1979 and 1980 to December 31, 1984. On January 25, 1983, the United States District Court for the Western District of Washington granted a motion of the United States for an order permitting disclosure to the Internal Revenue Service of documents and records relating to the grand jury proceeding that led to the indictment discussed in United States v. Dahlstrom,supra.On June 30, 1983, the Supreme Court announced a new standard for the issuance of such orders in United States v. Baggot,463 U.S. 476 (1983). On March 12, 1984, the Court of Appeals for the Ninth Circuit vacated the disclosure order entered on January 25, 1983. United States v. Dahlstrom,730 F.2d 770 (9th Cir. 1984). On December 14, 1984, the Internal Revenue Service sent to petitioner the statutory notice of deficiency for the years 1978, 1979, and 1980 that is the subject of this case. That statutory notice contained a statement that petitioner's taxable income had been increased "from information derived from your unsigned amended returns." On March 4, 1985, petitioner filed his petition herein. *305 That petition alleges: The unconstitutionally derived numbers designated by the Internal Revenue Service are properly a portion of a claim against my property which under Anglo-American jurisprudence should be proven by the respondent under the Rules of Evidence, and accordingly cannot be legally required of this petitioner. The party who is attempting to acquire property of another has the duty of pleading and proving the elements of that claim. Inasmuch as the "Notice of Deficiency" is Respondent's Claim upon Petitioner. I leave their proof, if any to them. The petition goes on to allege that respondent's determination is arbitrary and capricious and is based on information "received in violation of Rule 6(e) of the Criminal Rules of Federal Procedure." On June 6, 1985, petitioner filed a Motion for Stay, to which he attached his own affidavit. In that affidavit petitioner claimed that the statutory notice of deficiency was an improper result of the immunity that had been granted to him in 1980 and the Rule 6(e) order made but later vacated in the Dahlstrom case. Respondent's Notice of Objection to petitioner's Motion for Stay was served on petitioner and filed *306 June 17, 1985, and attached an affidavit of petitioner dated July 16, 1984, in which he set forth various tax protester arguments and denied any duty to keep records, supply information, file tax returns, or pay tax; he also purported to rescind and cancel any income tax returns previously filed by him. Respondent's Notice of Objection also stated: 6. On January 18, 1983, petitioner and petitioner's then representative, Diane Parr, C.P.A., voluntarily provided respondent with unsigned amended U.S. Individual Income Tax Returns, Forms 1040, for petitioner's taxable years 1978, 1979 and 1980, together with various books and records related to petitioner's dental practice. Copies of said unsigned amended Forms 1040 and respondent's Document Receipt, Form 2725, dated January 18, 1983, are attached hereto as Exhibit G, H, I and J. 7. Respondent's notice of deficiency in this case resulted from an examination that began, admissions that were made and an examination of books and records that were provided to respondent, prior to the January 26, 1983, disclosure order in Dahlstrom, et al.,supra. Petitioner's motions are therefore without merit. SeeGraham v. Commissioner,82 T.C. 299 (1984) *307 and Kluger v. Commissioner,83 T.C. 309 (1984). A copy of the notice of deficiency dated December 14, 1984, is attached hereto as Exhibit K. On July 17, 1985, petitioner replied to respondent's Notice of Objection in a document entitled Objection to Hearing. That document contained a hodgepodge of petitioner's constitutional claims but set forth no facts showing that respondent's statements were incorrect. Among other things, petitioner stated: 6. In paragraph 6 of the government's Notice we note the term "voluntarily" has been used. Nothing could be farther from the truth, which can only be developed by Discovery. The raw numbers, books and records, and other disclosures made by the former accountant of the petitioner were not authorized, nor validated in any respect by the individual, and are not properly considered until, and unless there be some showing of authenticity, correctness and accuracy such as to reach admissibility. Several issues of fact are inherent here, and cannot be dismissed, as matters of law. On July 17, 1985, petitioner's motion to stay was denied. On June 6, 1985, petitioner filed a Motion for a Protective Order in which *308 he sought to preclude anticipated discovery by respondent. The Motion for a Protective Order was denied August 21, 1985. On January 6, 1986, Notice Setting Case for Trial was sent to the parties. Trial was set in Seattle, Washington, on May 5, 1986. A Standing Pre-Trial Order was served with the Notice Setting Case for Trial. By the notice and Standing Pre-Trial Order, petitioner was reminded of his obligation to stipulate to facts in preparation for trial and that the failure to do so might result in dismissal of the case. Rule 91(f). On February 7, 1986, respondent filed his Motion for Summary Judgment and Motion for Imposition of Damages Pursuant to Section 6673 of the Internal Revenue Code of 1954, both of which had been served on petitioner on February 4, 1986. Those motions were set for hearing on May 5, 1986, at the time and place previously set for trial. On February 14, 1986, respondent served on petitioner Respondent's Request for Admissions. That request attached copies of the original and unsigned amended Forms 1040 for the years in issue and other pertinent documents. The request also set forth the following statement: 8. On January 18, 1983, petitioner, *309 in the presence of Diane Parr, CPA, his then representative under power of attorney, provided unsigned documents to respondent entitled "Amended U.S. Income Tax Return" for petitioner's 1978, 1979 and 1980 taxable years. True and correct copies of said documents are attached hereto an exhibits F, G and H. 9. The said unsigned documents referred to above as exhibits F, G and H, reflected the correct Federal income tax liabilities (exclusive of additions to tax at issue herein) of petitioner as follows: Year
Income Tax
1978
$ 19,880.00
1979
$ 77,947.00
1980
$116,027.00
10. On January 18, 1983, petitioner provided respondent with certain books and records relative to his income tax liabilities for the years 1978, 1979 and 1980. A true and correct copy of the document receipt provided to petitioner and Diane Parr, CPA, his then representative under power of attorney, is attached hereto as exhibit I. 11. The books and records referred to above in Exhibit I, corroborated the statements contained on the said unsigned "Amended U.S. Individual Income Tax Returns" of petitioner for the years 1978, 1979 and 1980. * * * 14. During his taxable years 1978, *310 1979 and 1980, petitioner utilized the tax avoidance program promoted and sold by the ALA. The ALA tax avoidance program utilized a series of sham business trusts in an attempt to inflate a taxpayer's deductions and/or reduce his income. The program is discussed in Zmuda v. Commissioner,79 T.C. 714 (1982) aff'd. 731 F.2d 1417 (9th Cir. 1984); Akland v. Commissioner, T.C.M. 1983-249 - F.2d - (9th Cir. No. 84-7009, July 31, 1985). 15. Petitioner's use of said program is, in part, reflected in the overstated deductions claimed by petitioner on Schedule C of his originally filed income tax returns for the taxable years 1978, 1979 and 1980. As shown by comparison to the unsigned "Amended U.S. Individual Income Tax Returns" which petitioner submitted to respondent on January 18, 1983, said deductions were overstated by at least the following amounts: Year
Overstated Deductions
1978
$14,114.00
1979
$58,777.00
1980
$63,993.00
16. Petitioner's said use of the ALA program is also reflected, in part, by his failure to report capital gains on line 14 of his originally filed income tax returns for 1979 and 1980, in the amounts *311 of $84,104.00 and $152,266.00, respectively. Petitioner did not timely respond to respondent's Request for Admissions. See Rule 90(c). On February 28, 1986, petitioner filed a Request for Admissions, a Motion to Compel Discovery, and a Motion to Suppress. On March 6, 1986, respondent filed objections to petitioner's Motion to Suppress and Motion to Compel Discovery. Those motions were denied on March 14, 1986. On March 28, 1986, respondent filed his Reply to Petitioner's Request for Admissions. On March 24, 1986, respondent filed a Motion for Order Compelling the Petitioners to Respond to Respondent's Request for Production of Documents or to Impose Sanctions under Rule 104. On March 27, 1986, that motion was granted to the extent that petitioner was ordered to produce the documents requested by respondent on or before April 15, 1986. Regarding the imposition of sanctions, a hearing was calendared at the time and place theretofore set for trial. On April 14, 1986, pursuant to the Standing Pre-Trial Order, respondent served on petitioner and sent to the Court his Trial Memorandum. Petitioner's Trial Memorandum was served on respondent and sent to the Court on or about *312 April 27, 1986. Respondent's Trial Memorandum stated in part: In January, 1983 petitioner, with his accountant, delivered to respondent unsigned amended income tax returns for the subject years which correctly reported his income and deductions. Respondent's notice of deficiency is based on said admissions as corroborated by books and records submitted with the unsigned returns. Since providing these documents to respondent, petitioner has assumed the position of a tax protester, filing frivolous statements with respondent wherein he purports to revoke all tax returns previously filed and claims he is not subject to income tax. In his petition herein, petitioner raises only frivolous tax protester arguments. Since filing the petition, he has refused to follow this Court's Rules of Practice and Procedure relative to discovery and this Court's pre-trial standing order relative to preparing his case for trial. Respondent has filed a Motion for Summary Judgment on the grounds that the petition fails to allege any justiciable error. Respondent has also filed a motion to impose damages under I.R.C. sec. 6673 on the grounds that petitioner has instituted *313 this action primarily for delay and his position herein is frivolous and groundless. These motions have been calendared for hearing after the calendar call. If a trial of this case is required, respondent will rely on petitioner's deemed admissions with respect to respondent's request for admissions, served on petitioner on February 14, 1986 and to which petitioner has made no reply. T.C. Rule 90(e). Petitioner's Trial Memorandum stated in part: The petitioner is a dentist who practices in the Seattle, Washington area. During the years in question his business affairs were conducted upon the advice of and with the guidance of competent professionals. However, he was called before a grand jury, and was granted immunity for his testimony concerning the individuals under investigation. Subsequently there was a conviction of the principals, which was reversed (without published opinion) by the Ninth Circuit Court of Appeals. However, the Internal Revenue Service had acquired grand jury evidence which formed the basis for this challenge to the returns formerly filed. Before the reversal came down, the petitioner upon the recommendation of an intimate friend, reconstructed, *314 upon assumptions, the returns which had been previously filed and accepted. At this time the government witness advised the petitioner as to the status and condition of the applicable law. Upon these misapprehensions of the law and the status of the case pending upon appeal, the friend prepared "conditional" returns, predicated upon the misapprehensions of fact and law. These papers apparently form the basis for the statutory notice of deficiency. At no point in petitioner's Trial Memorandum did he set forth facts showing that respondent's determination of tax on the basis of the proposed amended returns was inaccurate. When the case was called for trial on May 5, petitioner appeared with new counsel, who entered his appearance. Petitioner, by his counsel, filed the following: (1) A Motion to Strike directed at the portions of respondent's Trial Memorandum referring to petitioner as a tax protester. (2) A Motion to File Untimely, in which petitioner claimed that he did not receive the Request for Admissions served February 14, 1986 (although he admitted receiving a packet of materials mailed on that date and a cover letter mentioning the Request for Admissions). (3) A *315 Response to Request for Admissions, setting forth argumentative objections and denials that did not fairly meet the substance of the requested admissions. See Rule 90(c). (4) An Objection to Request for Production, directed at the Request for Production of Documents that, on March 27, 1986, petitioner had been ordered to comply with by April 15, 1986. (5) A Motion for Leave to File an Amended Petition and a proposed Amended Petition alleging bar of the statute of limitations and various allegations of improper government action, but not setting forth any facts suggesting that the determination of income, deductions or tax in the statutory notice was inaccurate. See Rule 34(b)(4) and (5). (6) An Objection to Proposed Stipulation, alleging that documents were improperly obtained by respondent, but not setting forth any suggestion that the facts concerning those documents were reasonably disputed. (7) A Motion for Judgment on the Pleadings, alleging the bar of the statute of limitations. At the call of the calendar on May 5, the Court asked new counsel for petitioner how long he needed to respond to the motions of respondent then pending, including a motion orally made at *316 that time to dismiss for petitioner's failure properly to prosecute. Counsel indicated that he would be ready the following morning. Because of prior scheduling, the matter was set for May 7 at 9:00 a.m. Respondent's counsel pointed out that, as petitioner admitted, he had received the cover letter transmitting the Request for Admissions and requesting that petitioner call if he had any questions, but petitioner had not timely claimed that he had not received the Request for Admissions. (The first time petitioner made such a claim was in his Trial Memorandum dated April 27, 1986.) The Motion for Judgment on the Pleadings was denied on May 5, 1986. The other matters were heard on May 7, 1986. Respondent's Motions
Petitioner did not file any affidavits in opposition to respondent's Motion for Summary Judgment. He was permitted, however, to testify and to call a witness in opposition to that motion and in relation to the other pending matters. The evidence that he thus presented consisted of his assertions that he believed that the Compulsion Order entered by the District Court in 1980 granted him immunity from civil tax liability and that he had been induced to tender the *317 amended returns on the basis of his close personal relationship with Diane Parr. At no time did he present or offer any evidence that the amounts set forth in the statutory notice were incorrect. Petitioner admitted that he had been represented by several attorneys in relation to his tax liabilities for the years in issue. None of those attorneys was called as a witness. Petitioner testified that the first one, who he first identified as Bill Bender and later as Bill Bennett, had led him to believe that the immunity provided by the District Court covered civil tax liability.He asserted that this belief continued until May 5, 1986, notwithstanding subsequent employment of two tax counsel and negotiations with the Internal Revenue Service in relation to the execution of Forms 872 and the delivery of the unsigned amended Forms 1040 that were the basis of the statutory notice of deficiency. We do not believe that, for over 6 years, petitioner was misled as to the scope of the immunity granted to him by the District Court. Too much occurred during those years that was inconsistent with immunity from civil tax liability. Moreover, we do not believe that petitioner did not receive *318 the Request for Admissions served by respondent on February 14, 1986. His immediate counter-service of a Request for Admissions and his failure to deny receipt of respondent's Request for Admissions until shortly before trial and after being advised of the effect of the admissions by respondent's Trial Memorandum, were so belated as to be not credible. We cannot, however, consider petitioner's credibility in relation to the Motion for Summary Judgment. We must, and we do, conclude that petitioner's subjective belief is immaterial and that a decision may be rendered as a matter of law. Rule 121. The Compulsion Order did not by its terms or as a matter of law grant immunity to petitioner from civil tax liability. See 18 U.S.C. sec. 6002. Petitioner has not alleged or shown any defect in the Compulsion Order. Nor has petitioner disputed that the unsigned amended Forms 1040 and related documents that were the basis of the statutory notice were delivered to respondent a week before the Rule 6(e) order in the Dahlstrom case. As a matter of law, therefore, petitioner is not entitled to bar use of those materials in the determination of his tax liability. *319 See Dahlstrom v. Commissioner,85 T.C. 812, 820 (1985), and Ripley v. Commissioner,T.C. Memo. 1985-555. We would probably reach the same result even if delivery of the materials had followed the Rule 6(e) order. See Kluger v. Commissioner,83 T.C. 309 (1984); see also Sisk v. Commissioner,791 F.2d 58 (1986). Thus the only objections raised by petitioner to respondent's determination are insufficient as a matter of law, and the Motion for Summary Judgment should be granted. Petitioner has not presented any reason for his failure to comply with the Court's order that he produce documents set forth in respondent's Request for Production of Documents, and petitioner did not comply with that order. The failure to produce the documents precludes any determination other than one sustaining respondent's determination. Dismissal, therefore, is an appropriate sanction under Rules 104(c) and 123. See McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Dusha v. Commissioner,82 T.C. 592, 597-608 (1984). The contentions made by petitioner *320 throughout this proceeding were groundless in fact and frivolous as a matter of law, and we conclude that this proceeding has been maintained primarily for delay. Respondent's motion for damages under section 6673 shall be granted, and $5,000 shall be awarded to the United States. See Larsen v. Commissioner,765 F.2d 939 (9th Cir. 1985); Oneal v. Commissioner,84 T.C. 1235, 1243-1244 (1985); Abrams v. Commissioner,82 T.C. 403 (1984). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩