815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. KOZIKOWSKI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 85-1883.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner appeals pro se from an order of the tax court granting the Commissioner's motion for summary judgment and assessing $5,000 damages against the petitioner for maintaining a frivolous action. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is a tax protestor. He failed to file tax returns for 1980 and 1981, even though he earned income of approximately $37,600 and $39,200, respectively, from Chrysler Corporation in Michigan. Therefore, the IRS assessed deficiencies of approximately $13,600 for 1980 and $14,260 for 1981, plus various penalties for failing to file and negligent filing.
 
 
 3
 Petitioner filed a petition in the tax court for a redetermination of the deficiency, alleging, inter alia, that the deficiency and penalties were arbitrarily determined, that the notice of deficiency was issued without due process, and that the statute of limitations had expired. Petitioner failed to support any of these claims, relying instead on redundant, conclusory statements. The tax court granted the Commissioner's motion for summary judgment and assessed damages. The petitioner brings a timely appeal.
 
 
 4
 On appeal, petitioner claims that the award of damages was an abuse of discretion, that he was denied due process by the granting of the motion for summary judgment, that the tax court lacked jurisdiction because the Sixteenth Amendment was not properly ratified, and that the IRS was harassing him.
 
 
 5
 Petitioner's appeal is totally frivolous. His petition failed to raise any factual or legal objection to the deficiency determination. Instead, for purposes of delay, he made frivolous claims that have been clearly and repeatedly rejected by the courts. Under such circumstances, the tax court did not abuse its discretion in awarding damages under 26 U.S.C. Sec. 6673. Lukovsky v. Commissioner, 734 F.2d 1320, 1321 (8th Cir.1984) (per curiam ).
 
 
 6
 Due process only requires that a taxpayer be given the opportunity to present his grievances and be heard. Willmutt Gas and Oil Company v. Fly, 322 F.2d 301, 303 (5th Cir.1963). The petitioner's rights were not abridged by the granting of the motion. Furthermore, since there was no genuine issue of material fact before the court, the motion was properly granted.
 
 
 7
 The Sixteenth Amendment claim was not raised below, therefore, it is not properly before this Court. See Granite City Steel Company v. Koppers Company, 419 F.2d 1289, 1290 (7th Cir.1969); United States v. Sherwin, 539 F.2d 1, 5 n. 4 (9th Cir.1976). In any case, this Court has previously determined it to be meritless. Sisk v. Commissioner, 791 F.2d 58, 61 (6th Cir.1986).
 
 
 8
 Petitioner's remaining claims are equally meritless. His claim of harassment by the IRS is vague and unsupported, and there is no right to a jury trial in the tax court. Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir.1985), Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir.1984) (per curiam ).
 
 
 9
 We conclude that this appeal is frivolous and therefore award double costs and attorney's fees to the Commissioner pursuant to Rule 38, Federal Rules of Appellate Procedure. An itemized and verified bill for the costs and attorney's fees may be filed with the Clerk of this court, with proof of service, within 14 days after the entry of this order.
 
 
 10
 The order of the tax court is affirmed under Rule 9(d)(2), Rules of the Sixth Circuit, because the appeal is frivolous. The Commissioner is awarded double costs and attorney's fees.