816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randall K. GROSSE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 86-1342.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se petitioner appeals an order of the United States Tax Court which granted summary judgment to the Commissioner of the IRS (hereinafter IRS). The IRS had determined that there was a deficiency in petitioner's federal income tax for the year 1981. The IRS also imposed additional costs to the tax deficiency pursuant to Internal Revenue Codes Secs. 6651, 6653(a)(1) and 6653(a)(2).
 
 
 3
 Petitioner essentially argues the following four issues: 1) the Tax Court denied him due process of law by granting the IRS's motion for summary judgment; 2) the Sixteenth Amendment to the United States Constitution is invalid because it was never ratified by the requisite number of states; therefore, he is not liable for taxes; 3) Congress improperly delegated the duty to lay and collect taxes to individuals; and 4) the IRS and Tax Court improperly altered his petition by designating him as a "petitioner" as opposed to one who is making a "special appearance."
 
 
 4
 The IRS has asked this Court to impose sanctions against petitioner for bringing a frivolous appeal.
 
 
 5
 The Tax Court did not abuse its discretion in granting the IRS's motion for summary judgment pursuant to Rule 151 of the Tax Court Rules of Practice and Procedure, because no genuine issue of material fact exists in this case.
 
 
 6
 It is a well-established rule that summary judgment is an acceptable method to dispose of an action, based on review of the pleadings, in which no genuine issue of material fact exists. See Rule 56, Federal Rules of Civil Procedure (from which Rule 121, Tax Court Rules of Practice and Procedure, is derived). Therefore, petitioner's first claim is without merit.
 
 
 7
 Petitioner's second argument, that the Sixteenth Amendment is invalid, is also without merit. This Court rejected this argument in Sisk v. Commissioner, 791 F.2d 58 (1986).
 
 
 8
 Petitioner's third argument is that Congress improperly delegated the duty to lay and collect taxes pursuant to the United States Constitution, Article 8, Sec. 9, Cl. 1, to individuals, such as himself. In support of this argument, petitioner relies upon the separation of powers doctrine and the Supreme Court's recent decision in Bowsher v. Synar, --- U.S. ----, 106 S.Ct. 1181 (1986), wherein the Court found some provisions of the "Gramm-Rudman-Hollings Act" to be unconstitutional.
 
 
 9
 In Bowsher, the Supreme Court held that Congress had delegated the power to execute the laws, which is an exclusive function, to itself. Such delegation was held to violate the separation of doctrine powers. Bowsher has no application to the instant case. Congress has not delegated the duty to lay and collect taxes to individuals. Rather, Congress has properly enacted the Internal Revenue Code which provides for the imposition of taxes and the means of collection. Congress delegated the power to execute and enforce the Internal Revenue Code to the Internal Revenue Service, which is part of the executive branch. This statutory scheme is fully in accord with the separation of powers doctrine.
 
 
 10
 Petitioner's argument simply confuses the duty to pay taxes with the authority to lay and collect taxes; he has not demonstrated any violation of the separation of powers doctrine.
 
 
 11
 Petitioner's fourth and final argument is totally without legal merit.
 
 
 12
 Pursuant to Rule 38, Federal Rules of Appellate Procedure, or 28 U.S.C. Sec. 1912, the IRS has requested that this Court impose a monetary sanction upon petitioner in the amount of $1,500.00 for extraordinary costs and attorney's fees on appeal. This Court has advocated the imposition of monetary sanctions in cases, such as this, where the appeal is frivolous, and apparently pursued for purposes of delay. See Martin v. Commissioner, 756 F.2d 38, 41 (6th Cir.1985). See also Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir.1984).
 
 
 13
 For the foregoing reasons, it is ORDERED that the Tax Court's judgment be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit, and that pursuant to Rule 38, Federal Rules of Appellate Procedure, costs and attorney fees are hereby assessed against petitioner in the amount of $1,500.00.