Gerald L. RAINES; Jon O. McCarthan,
Plaintiffs–Appellants,

v.

John ASHCROFT, Attorney General,
et al., Defendants–Appellees.

No. 02–4423.

United States Court of Appeals,
Sixth Circuit.

July 9, 2003.

Before BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

## ORDER

Gerald L. Raines and Jon O. McCarthan ("the plaintiffs"), Ohio prisoners proceeding pro se, appeal a district court judgment dismissing their "class action civil suit" filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

On October 30, 2002, the plaintiffs filed a complaint against United States Attorney General John Ashcroft, United States Senator George Voinovich, Ohio Governor Bob Taft, and "State and Federal Officials" John and Jane Does. The plaintiffs alleged that Ohio was not properly admitted to the Union and is "not legally a State" because Congress "failed to ratify Ohio's State Constitution." Consequently, the plaintiffs alleged that for "approximately two hundred years, Ohio has operated as an Independent State, without authority, or congressional approval from congress, and without consequence or federal intervention." As a result of Ohio's alleged defective statehood, the plaintiffs alleged that they, as well as the citizens of Ohio, have been subjected to an "illegal State government, illegal taxation, illegal seizures of property, illegal marriages, and an illegal judicial system." The plaintiffs also alleged that, as prisoners, they have been "restrained of their liberty illegally, without valid, State due process" and subjected to cruel and unusual punishment "when they spoke out about Ohio not possessing Statehood." The plaintiffs sought declaratory, injunctive, and monetary relief.

The district court granted the plaintiffs' motion to proceed in forma pauperis and dismissed the plaintiffs' complaint as frivolous. The plaintiffs have filed a timely appeal. They request oral argument.

We review de novo a district court judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990).

■ Upon review, we conclude that the district court properly dismissed the plaintiffs' complaint, as it lacks an arguable basis in law or fact. Contrary to the plaintiffs' position, Ohio was properly admitted to the Union and is legally a state. *See Sisk v. Comm'r,* 791 F.2d 58, 60–61 (6th Cir.1986) (finding that Ohio was a state when the Sixteenth Amendment to the United States Constitution was ratified in 1913); *Holton v. Celeste,* No. 84–3697, 1986 WL 16543, at *1 (6th Cir. Feb.12, 1986) (unpublished order) (finding without merit claim that Ohio's statehood is null and void because Ohio has never been admitted to the Union); *see also Knoblauch v. Comm'r,* 749 F.2d 200, 201–02 (5th Cir. 1984) (finding that Ohio was legally a state when the Sixteenth Amendment to the United States Constitution was ratified). Therefore, the plaintiffs' complaint is frivolous.

■ Furthermore, the plaintiffs' contention that the district court failed to rule on their cruel and unusual punishment claims lacks merit. A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). The plaintiffs' cruel and unusual punishment claims do not concern the named defendants. Instead, such claims involve an unidentified correctional officer and prison inmate, who are not defendants to this action. Thus, the district court committed no error by failing to specifically rule on the plaintiffs' cruel and unusual punishment claims.

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.