GERALD F. DORSCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dorsch v. Commissioner
Docket No. 28569-90
United States Tax Court
T.C. Memo 1992-384; 1992 Tax Ct. Memo LEXIS 406; 64 T.C.M. (CCH) 74; July 8, 1992, Filed *406 An appropriate order and decision will be entered for respondent except as to the additions to tax under sections 6653(a)(2) and 6661(a). For Petitioner: Terrence M. Spears (specially recognized). For Respondent: John Q. Walsh. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
6654(a)
6661(a)
1987
$ 5,562
$ 1,350
- 0-
[1] $ 278
$ 290
[2] $ 1,350
1988
5,442
1,075
[3] $ 272
-0-
267
1,075
*407 All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: (1) Whether respondent correctly determined the amount of income which petitioner failed to report for both years in issue; (2) whether petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(1)(A), and 6654(a); (3) whether petitioner should be required to pay a penalty to the United States under section 6673(a)(1); and (4) whether petitioner's counsel is liable for excessive costs, expenses, and attorney's fees under section 6673(a)(2). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioner resided in Bellwood, Illinois, when he filed the petition. During 1987 and 1988, petitioner received income as follows: Source
Type of Income
1987
1988
Hunter Corp.
Wages
$ 28,855
$ 27,544
State
Unemployment compensation
1,176
3,336
of Illinois
Prudential
Gross distribution
-0-
1,249
Insurance Co.
IRA distribution
1,618
-0-
Interest
83
85
*408 Petitioner failed to file returns for 1987 and 1988. Based on third party reporting information provided to the IRS reflecting payment of the aforementioned income to petitioner, on September 18, 1990, respondent mailed two notices of deficiency (one for 1987, another for 1988) to petitioner at his last known address. Petitioner filed pro se. In his petition, petitioner claims that the tax deficiencies determined against him "have no basis in fact and are mere estimates." He claims that "the Sixteenth Amendment to the Constitution of the United States is null and void owing to the fraud committed in the ratification process." By notice dated August 28, 1991, petitioner was informed that his case was set for trial during the term of the Court's Chicago trial session beginning on January 27, 1992. The Court's Standing Pre-Trial Order (Standing Order) was attached to the August 28 notice. The Standing Order stated that each party must prepare a trial memorandum and submit it directly to the Court and to opposing counsel not less than 15 days before the first day of the trial session. The Standing Order required each party to list its witnesses in the trial memorandum with a brief *409 summary of the anticipated testimony of each witness. The Standing Order also warned that witnesses who were not identified in the trial memorandum would not be permitted to testify at the trial without leave of the Court upon a sufficient showing of cause. Petitioner engaged Terrence M. Spears (Spears) as counsel around January 24, 1992. On January 27, 1992, Spears appeared at the calendar call for this case and moved for a continuance. Spears argued that he did not have ample time to prepare petitioner's case. The Court denied Spears' motion in accordance with Rule 134 which states that "employment of new counsel ordinarily will not be regarded as ground for continuance." Petitioner's case was then set for trial on February 5, 1992. At trial, Spears presented the Court with a trial memorandum. The Court accepted Spears' trial memorandum even though it was not timely filed. The trial memorandum did not list any witnesses for petitioner. Spears attempted to call Sherman Skolnick (Skolnick) as a witness for petitioner. Because petitioner failed to give advance notice that he intended to call Skolnick as a witness, as required by the Standing Order, and petitioner did not *410 make any showing of cause concerning this failure, the Court refused to hear Skolnick's testimony. Spears proffered that if Skolnick had been permitted to testify, he would have testified: the IRS sets up private individuals to lure others into shooting-gallery situations where they incite other people to participate in the tax protester movement, that Mr. Dorsch has been labelled an illegal tax protester -- a bill of attainder -- and that the case law upon which the 16th Amendment is precluded from being raised in Tax Court and in the District Court is based on fraudulent events that were perpetrated by private actors and IRS agents. No witnesses testified on behalf of petitioner. Petitioner presented no evidence to refute respondent's deficiency and additions to tax determinations. OPINION At the outset, we note that respondent's determinations are presumptively correct, and petitioner bears the burden of proving otherwise by a preponderance of the evidence. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). In petitioner's post-trial memorandum, Spears argues: (1) Petitioner "was entrapped into the jurisdiction of the Tax Court"; (2) petitioner *411 was "terrorized" into not testifying; (3) the Court did not have proper jurisdiction over this case; and (4) respondent did not follow certain procedural and policy requirements. Spears' memorandum contained many unsubstantiated bizarre allegations. For instance, Spears alleges that: [persons] on behalf of the IRS Intelligence, regularly held meetings which encouraged otherwise innocent citizens, including but not limited to Dorsch, to use a variety of methods to fight the IRS, all of which were intended to entrap such innocents into a battle with the IRS, and to ultimately ruin those innocents either financially or through criminal proceedings. [Persons acting on behalf of the IRS] were and are adjuncts to joint Mossad/CIA projects, referred to as American death squads. The alleged purpose of which was and is to eliminate "undesirables" from the United States, either by death or by complete financial ruin, employing IRS intelligence, among other palpably American intelligence operatives, to execute such "undesirables." Petitioner was offered an opportunity to testify, but took the stand only when called by respondent. And then, he refused to testify, invoking his Fifth Amendment *412 privilege. With respect to petitioner's refusal to testify, the following dialogue is deemed apposite: THE COURT: Do you wish Mr. Dorsch to testify? MR. SPEARS: No, your Honor. There is [sic] a number of reasons that I don't want to put him on the stand. THE COURT: Would you wish to state them? MR. SPEARS: For one reason, he is fearful of you and the IRS attorneys in this Court. THE COURT: Have I done anything to you, Mr. -- I don't understand what Mr. Dorsch is fearful of me about. MR. SPEARS: He is terrorized by this Court. THE COURT: Well, you know, I can't help that Mr. Spears. As far as I know, I have done nothing to justify such a fear. MR. SPEARS: He -- I am not properly prepared to have him take the stand because I haven't had time to prepare, and he has already stipulated to whatever the IRS wanted him to stipulate to. We asked if they wanted him to stipulate to anything more, and they said no. MR. WALSH: That is not true, Your Honor. We wanted further stipulation, but this was the extent of the stipulation we were able to get. I believe Your Honor will see it if you review the stipulation of facts and compare it to the notices of deficiency *413 that Petitioner has conceded he received the income items that were the subject of the notices. For the sake of completeness, we shall address petitioner's various arguments. First, petitioner argues that he was denied due process under the Fifth Amendment because he was "entrapped into the jurisdiction of the Court" and that he was "terrorized" into not testifying. The record simply does not support these arguments. Petitioner chose to litigate this case in this Court. He had an opportunity to testify on his own behalf but he refused to do so. No one "terrorized" petitioner. Petitioner next argues that the Court lacks jurisdiction because the notices of deficiency are invalid. He contends that the notices of deficiency are invalid because respondent prepared substitute returns for petitioner which did not comply with section 6020 and the regulations thereunder. We need not address whether respondent properly prepared the substitute returns. Section 6020(b)(1) does not require that the Secretary of the Treasury file a return for the taxpayer before issuing a notice of deficiency. Hartman v. Commissioner, 65 T.C. 542, 544-546 (1975); see also United States v. Verkuilen, 690 F.2d 648, 656-657 (7th Cir. 1982). *414 Thus, petitioner's contention that this Court lacks jurisdiction is without merit. Finally, petitioner argues that this Court lacks jurisdiction because he was not permitted to exhaust his administrative remedies. We need not address the legal merits of this argument because there are no facts in the record which indicate that respondent did not permit petitioner to exhaust his administrative remedies. Petitioner failed to dispute the dollar amounts of income he received in 1987 and 1988 as determined in respondent's notices of deficiency. (In fact, the dollar amounts stipulated as those petitioner received in 1987 and 1988 are exactly the same as those shown in respondent's notices of deficiency.) Petitioner disputes, however, that he is subject to liability for income tax on these amounts. We hold that he is. Petitioner's argument that he is not liable for income tax is based on his claim that the 16th Amendment was not properly ratified. Every court, including this Court, that has considered this and related arguments has rejected them. Brushaber v. Union Pacific Railroad Co., 240 U.S. 1 (1916); Knoblauch v. Commissioner, 749 F.2d 200 (5th Cir. 1984); *415 Woods v. Commissioner, 91 T.C. 88 (1988). Petitioner argues that the cases upholding the validity of the 16th Amendment were fraudulently obtained by the IRS. The only evidence intended to support petitioner's argument was a proffer as to Skolnick's testimony. (As previously noted, we refused to hear Skolnick's testimony.) The validity of the 16th Amendment was laid to rest many, many years ago. It is a well-settled legal proposition. We will not revisit this area of the law. Accordingly, petitioner is liable for the amount of income tax as shown in the notices of deficiency. Respondent determined that petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(1)(A), 6654(a), and 6661(a). At trial, respondent conceded that petitioner is not liable for the additions to tax under section 6661(a) and, as previously noted, respondent's determination of a section 6653(a)(2) or section 6653(a)(1)(B) addition to tax for 1988 is erroneous. With respect to the remaining additions to tax, petitioner did not offer any evidence to refute respondent's determination. Accordingly, petitioner is liable for these additions to tax. Respondent *416 seeks the imposition of a penalty against petitioner under section 6673(a)(1). Section 6673(a)(1) provides: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Petitioner's position in this proceeding was clearly frivolous and groundless. He stipulated all dollar amounts of income determined by respondent in the notices of deficiency and presented no evidence (nor proffered any meaningful evidence). Petitioner and his counsel chose to use this Court as a forum to advance frivolous tax protester arguments. Their pursuit of a groundless claim resulted in an unnecessary expenditure of this Court's time and resources. We, therefore, require petitioner to pay a $ 5,000 penalty to the United States under section 6673. Respondent also seeks to have this *417 Court impose sanctions against Spears pursuant to section 6673(a)(2). Section 6673(a)(2) provides: (2) COUNSEL'S LIABILITY FOR EXCESSIVE COSTS. -- Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require -- (A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct * * * Section 6673(a)(2) is derived from section 1927 of the Judicial Code, 28 U.S.C. sec. 1927 (1988). H. Rept. 101-247, at 1399-1400 (1989). 28 U.S.C. section 1927 provides: Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. Because this case is appealable to the United States Court of Appeals for the Seventh Circuit, we apply its standards for imposing sanctions under 28 U.S.C. section 1927 to section *418 6673(a)(2). Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. on other grounds 445 F.2d 985 (10th Cir. 1971). In Walter v. Fiorenzo, 840 F.2d 427, 433 (7th Cir. 1988), the Seventh Circuit stated: A court may impose sanctions under 28 U.S.C. § 1927, against an attorney where that attorney has acted in an objectively unreasonable manner by engaging in a "serious and studied disregard for the orderly process of justice", or where a "claim [is] without a plausible legal or factual basis and lacking in justification." * * * [Citations omitted.] We agree with respondent that petitioner's attorney failed to show a plausible legal or factual basis to support the issues set forth in the petition. While we admonish Spears that a reoccurrence of these types of assertions will not be tolerated, in the exercise of our discretion, we decline to impose a sanction under section 6673(a)(2) against Spears in this instance. To reflect the foregoing and respondent's concession, An appropriate order and decision will be entered for respondent except as to the *419 additions to tax under sections 6653(a)(2) and 6661(a). Footnotes
1. Plus 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment due to negligence pursuant to sec. 6653(a)(1)(B). ↩
2. At trial, respondent conceded the addition to tax under sec. 6661(a) for both years in issue. ↩
3. For 1988, respondent determined that petitioner was liable for an addition to tax for negligence under sec. 6653(a)(2). However, for tax years in which the return is due after Dec. 31, 1988, the Code no longer provides an addition to tax for negligence under sec. 6653(a)(2) or sec. 6653(a)(1)(B). Thus, respondent's determination of this addition to tax is erroneous.↩